James L. McCullough *et al.*, Plaintiffs-Appellees, *v.* Frank A. Tomaich *et al.*, Individually and d/b/a Tomaich's Tavern, Defendants-Appellants.

(No. 73-141;

Third District—July 18, 1974.

Sidney Karasik, of Chicago, for appellants.

Timothy O'Brien, of Horwitz, Anesi & Ozmon, of Chicago, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County denying a motion to dismiss an action filed under the Illinois Dram Shop Act (Ill. Rev. Stat. 1967, ch. 43, § 135).

Plaintiff James L. McCullough, alleging that on September 23, 1966, he was shot and injured by an intoxicated person, instituted on September 5, 1967, an action against defendants under article VI, § 14, of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, § 135) in the Circuit Court of Will County. The original complaint sought recovery from defendants only for injuries sustained by James McCullough as a result of the incident, but on February 25, 1971, plaintiff was given leave to amend the complaint so as to also sue defendants for alleged loss of means of sup-

port sustained by McCullough's wife and three minor children resulting from his injuries. An additional count seeking reimbursement for medical and hospital expenses incurred by the McCulloughs under the Family Expense statute (Ill. Rev. Stat. 1967, ch. 68, § 15) was also permitted to be filed. Defendants unsuccessfully resisted such amendments on the ground that such additional matters had not been pleaded prior to the 1-year period limited by the Liquor Control Act for the commencement of actions thereunder. (Ill. Rev. Stat. 1967, ch. 43, § 135). The circuit court made the requisite findings for allowance of an interlocutory appeal under Illinois Supreme Court Rule 308, and we later entered our order granting defendants the right to proceed with their appeal from the order allowing the filing of the contested amendments to the plaintiff's complaint.

The sole issue presented to us for determination is whether the amended complaint, adding, as it does, further causes of action under the Liquor Control Act and for reimbursement for medical and hospital expenses incurred by the McCulloughs as a result of James McCullough's injuries, relates back, for the purpose of considering the effect of the time limitation for filing the amendments, to the time of the filing of the original complaint, or whether the amendments are barred as not having been instituted within the requisite 1-year period subsequent to the accrual of the causes of action.

Section 14 of Article VI of the Liquor Control Act (Ill. Rev. Stat. 1967, ch. 43, § 135) provided at the time of the incident in question in relevant part as follows:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication, in whole or in part, of such person. * * * An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid. The action, if the person from whom support was furnished is living, shall be brought by any person injured in means of support in his name for his benefit and the benefit of all other persons injured in means of support. However, any person claiming to be injured in means of support and not included in any suit brought hereunder may join by motion made within the times herein provided for bringing such action or the personal representative of the deceased person from whom such support was furnished may so join. * * * In no event shall the judgment or recovery under the Act for injury to the person or to the property of any person as

aforesaid exceed $15,000, and recovery under this Act for injury to the person or to the property of any person as aforesaid exceed $15,000, and recovery under this Act for loss of means of support resulting from the death or injury of any person, as aforesaid, shall not exceed $15,000 for each person so injured where such injury occurred prior to July 1, 1956, and not exceeding $20,000 for each person so injured after July 1, 1956. Every action hereunder shall be barred unless commenced within one year next after the cause of action accrued."

It will be seen that the statute provides, *inter alia,* for recovery by the injured person as well as for those who have been injured by virtue of loss of means of support. (See *St. Clair v. Duovas,* 21 Ill.App.2d 444, 158 N.E.2d 642, 645 (1st Dist. 1959).) As we read the statute, it is clear that there may be several causes of action arising on behalf of various people as a result of a single bodily injury. It has been held by our supreme court, however, that the maximum recovery from a defendant obtainable for one incident where one person has sustained bodily injury is an aggregate of, for injuries after July 1, 1956, $20,000, even though there may be several who have, as a result of such bodily injury, lost means of support. (*Moran v. Katsinas,* 16 Ill.2d 169, 157 N.E.2d 38 (1959).) Thus, whatever be our ruling herein, the maximum aggregate recovery by plaintiff, from each defendant, is $20,000.

Under the foregoing statute, when read alone, we would have concluded that the instant amendments to plaintiff's complaint are barred, for it has heretofore been consistently held that the 1-year provision for bringing a "dram shop" action is a special limitation upon the statutory cause of action, rather than a general statute of limitation. (See *Lowrey v. Malkowski,* 20 Ill.2d 280, 170 N.E.2d 147 (1960).) The amendments here in question, not having been filed within that year, would clearly be barred. There are, however, other relevant considerations which must be brought to bear on the question before us. Significantly, section 46 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, § 46), provides in pertinent part that:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.  * * *"

■■ In construing the quoted portions of section 46 of the Civil Practice Act, our courts have held that so long as the amended pleading avers matters which grow out of the same transaction or occurrence set up in the timely filed original pleading, such amended pleading shall be held to relate back to the date of the original filing. (*Halberstadt v. Harris Trust & Savings Bank*, 55 Ill.2d 121, 302 N.E.2d 64 (1973); *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, 15 N.E.2d 838 (1938); *Krieger v. Village of Carpentersville*, 8 Ill.App.3d 243, 289 N.E.2d 481 (2d Dist. 1972); *O'Leary v. Siegel*, 120 Ill.App.2d 12, 256 N.E.2d 127 (1st Dist. 1970).) That an amended pleading purports to set forth new causes of action is of no consequence, as the statute expressly contemplates that eventuality. *O'Leary v. Siegel*, 120 Ill.App.2d 12, 256 N.E.2d 127.

■■ Defendants suggest that, notwithstanding the construction placed upon section 46 by the foregoing cases, none of such cases deals with amendments to "dram shop" actions, which according to defendants, are *sui generis*, being special statutory causes of action which must in every case be filed within one year of accrual. It follows, argue defendants, that section 46 of the Civil Practice Act cannot be applied here. Largely this same argument has heretofore been made concerning amended pleadings under the wrongful death provisions of the Injuries Act (Ill. Rev. Stat. 1967, ch. 70, pars. 1 and 2), which also incorporate a special limitation period. The supreme court had no trouble in holding section 46 applicable to amendments to pleadings filed in such cases.

(*Metropolitan Trust Co. v. Bowman Dairy Co.* 369 Ill. 222, 15 N.E.2d 838 (1938).) In any event, however, defendants' position cannot be sound, as section 46 itself specifically states that, in cases where it is factually applicable, the cause of action set forth in the amended pleading shall not be barred "* * * by any lapse of time under *any* statute or contract prescribing or limiting the time within which an action may be brought * * *." (Emphasis added.) Such being the case, we determine that the circuit court acted properly in allowing the filing of the instant amended complaint claiming loss of means of support.

We should not omit to discuss the case of *Cook v. Logans Inferno, Inc.,* 90 Ill.App.2d 83, 232 N.E.2d 177 (2d Dist. 1967), where it was held proper to preclude intervention in a "dram shop" action by additional parties claiming loss of support where the petition for leave to intervene was not filed within 1 year of the accrual of the alleged causes of action. A perusal of the opinion in that case leads us to the conclusion that, for some reason, section 46 of the Civil Practice Act was not considered by the court, which apparently relied solely upon article VI, § 14 of the Liquor Control Act. To the extent that the court did not deal with section 46, its opinion is not controlling here, but if the court did consider (albeit *sub silentio*) the effect of section 46 and rejected its application, we respectfully disagree with the result there reached.

Since we find no error in the circuit court's entry of the order from which this appeal has been taken, such order should be and hereby is affirmed, and the cause is remanded to the Circuit Court of Will County for further proceedings, consistent with this opinion.

Order affirmed and cause remanded.

SCOTT, P. J., and STOUDER, J., concur.