WAYNE ALLEN, Plaintiff-Appellant, *v.* KEWANEE MACHINERY AND CONVEYOR CO. *et al.*, Defendants-Appellees.

(No. 74-88;

Fifth District—October 10, 1974.

Thomas F. Londrigan, of Springfield (Robert Weiner, of counsel), for appellant.

Hull, Campbell & Robinson, of Decatur (Michael I. Campbell, of counsel), for appellee Weakly & Hunter, Inc.

Daniel G. Reese, of Taylorville, and Vernon H. Houchen, of Decatur, for appellee Kewanee Machinery and Conveyor Co.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by plaintiff, Wayne Allen, from orders entered by the circuit court of Christian County striking plaintiff's amended complaint and granting a summary judgment in favor of parties defendant, Kewanee Machinery and Conveyor Co., a corporation, and Schwab and Weakly, Incorporated, a corporation (now Weakly and Hunter, Inc.).

The plaintiff commenced this litigation by filing a three-count complaint against parties defendant. The complaint alleged the manufacture and sale of a portable auger which was "* * * in an unreasonably dangerous defective condition in that it was of defective design and so constructed as to cause the upper portion of the same to tip on its wheels as the last portion of grain was being emitted from the upper end thereof."

The defendant Kewanee Machinery and Conveyor Co. was the manufacturer of the auger and Schwab and Weakly, Inc., was the seller. An auger is a device used in the moving and lifting of grain. Grain is placed into one end of the auger and the grain is then, by mechanical means, conveyed a distance by the auger to a point where the grain is emitted from the discharge point of the auger. Among other things, augers are used to lift the grain to put it in storage. Thus, the plaintiff contends that when the grain is being lifted, the auger, through which the grain is being moved, can become dangerous because when there is grain only in the emitting end of the auger, the entire auger becomes unstable.

For the purpose of clarity the plaintiff, Wayne Allen, shall hereinafter be referred to as the plaintiff and the defendant Kewanee as the manufacturer and the defendant Schwab and Weakly as the seller.

The seller filed a motion to dismiss two of the plaintiff's counts. This motion was denied and thereafter the defendants pursuant to the court's order filed their answers. Defendants have not filed a cross-appeal. We are not asked to pass on the propriety of the denial.

After discovery the defendants filed motions for summary judgment. The plaintiff filed a motion to strike the motions. These motions were heard and the matter was taken under advisement. The seller on the day of the hearing filed a "Supplement to Motion for Summary Judgment" asserting that the complaint failed to state a cause of action because this State does not recognize strict liability in tort for negligent design. This motion was heard and continued to allow for the filing of briefs. Prior to the argument of said motions, the plaintiff filed an amended complaint adding additional counts to his original complaint.

The plaintiff did not obtain leave of the court to which this case has been assigned, but instead obtained consent from another judge. This was done without notice to the defendants.

The defendants then filed their motions to strike the amended complaint asserting that the added counts were barred by the statute of limitations. Arguments were heard and on November 29, 1973, the court entered its order striking the added counts because of the statute of limitations. Then on January 8, 1974, the court granted the defendant's motion for summary judgment.

From the orders of the circuit court of Christian County striking the amended complaint and the summary judgment granted in favor of parties defendant the plaintiff has brought this appeal.

The issues for review by this court are all based upon the pleadings of the cause. There are but two issues for review. The first being whether there is an action for defective design of a product under the Illinois' law of strict liability in tort. The second is whether an amended complaint adding alternative counts pleading separate theories of recovery based upon the same set of facts is barred by the statute of limitations where the original complaint was filed within the applicable statutory period.

The trial court determined that the first issue is controlled by the case of *Mieher v. Brown*, 3 Ill.App 3d 802, 278 N.E.2d 869, *reversed on other grounds*, 54 Ill.2d 539, 301 N.E.2d 307. The court concluded that the *Mieher* case holds that there is no cause of action in this State for strict liability in tort for defective design.

The *Mieher* case involved an automobile truck collision wherein the administrator of the estate of the deceased automobile driver brought suit against the manufacturer of the truck. The plaintiff contended that the truck was *negligently* designed permitting plaintiff's decedent to drive under the truck after colliding with the truck from the rear and thereby allowing the truck bed to go through the automobile windshield killing the automobile driver. This court stated in that same case, *Mieher v. Brown*, 3 Ill.App.3d 802, 804-805, 278 N.E.2d 869, 872:

> "To put the matter bluntly, there is no cause of action in this state for strict liability in tort for negligent design."

We went on to say,

> "The complaint in question is, despite the language in the briefs and statements of counsel made during oral argument, an effort to state a cause of action for negligent design. It does not state a cause of action for strict liability in tort. There is, for example, no allegation that the truck in question was in the same condition when it left the possession of the defendant manufacturer as it was at the time of the accident which caused decedent's death. There is an allegation that the vehicle was a 'negligently designed truck', and that the defendant 'knew or in the exercise of ordinary

care should have known that said truck * * * was defective * * *'. As the Court said in *Suvada*, 'to require proof that Bendix was actively *negligent*, would be the antithesis of strict liability.' (32 Ill.2d 612, 624, 210 N.E.2d 182, 189 (1965).) Emphasis added. We therefore treat the complaint for what it plainly is, a cause of action for *negligent* design of the truck." [Emphasis Ours.]

Negligence has nothing to do with strict tort liability.

The Illinois Supreme Court in *Mieher v. Brown*, 54 Ill 2d 539, 541, 301 N.E.2d 307, 308 accepted the appellate court's holding that the case did not state a cause of action for strict liability in tort:

"However, the appellate court held that it did not state a cause of action on the theory of strict liability in that it did not allege that the truck was in the same condition when it left the possession of the defendant as it was at the time of the accident which caused decedent's death * * *.

The appellate court correctly concluded that the amended complaint failed to state a cause of action for strict liability."

The supreme court then went on to examine whether or not that complaint stated a cause of action based on common-law negligence and concluded that it did not so do. The *Mieher* case was therefore decided upon the common law of negligence.

■■ It is not reasonable to conclude that there is no strict liability in tort for *defective* design when there is strict liability in tort for defective manufacture. In *Wright v.Massey-Harris, Inc.*, 68 Ill.App.2d 70, 79, 215 N.E.2d 465, 470, this court stated:

"The present case involves a claimed defect in design rather than a defect in manufacture and we interpret Suvada to mean that the strict liability imposed upon a manufacturer includes injuries which arise from defects in design as well as defects in manufacture.

Whether the design defect in the present case is of a nature upon which liability can be imposed involves the factual question of whether it creates an unreasonably dangerous condition, or, in other words, whether the product in question has lived up to the required standard of safety."

We reaffirmed the foregoing position in *Williams v. Brown Manufacturing Company*, 93 Ill.App.2d 334, 358, 236 N.E.2d 125, 138, *reversed on other grounds*, 45 Ill.2d 418, 261 N.E.2d 305, wherein we stated:

"In Suvada, the Supreme Court commented favorably upon, and quoted from, the opinion of the Supreme Court of California in Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897. That opinion explicitly and unequivocally holds

that liability may be imposed upon a manufacturer under the doctrine of strict liability as a result of a defect in design. This court so held in Wright v. Massey-Harris, Inc., 68 Ill.App.2d 70, 215 N.E.2d 465."

Although the supreme court reversed our holding in *Williams* it stated that: "* * * it is clear that plaintiff's complaint was sufficient notwithstanding the absence of an allegation that he exercised due care." (45 Ill.2d at 427, 261 N.E.2d at 310.) The supreme court had, previously, described plaintiff's complaint as "an action against defendant under a theory of strict product liability in tort, essentially alleging an unreasonably dangerous design * * *." (45 Ill.2d at 420, 261 N.E.2d at 306.) In addition the supreme court in *Williams* discussed the appropriate statute of limitations to be applied in an action based on strict tort liability for damages for defective design. Such a discussion would have been an exercise in futility unless there existed an action for strict liability in tort for defective design. For these reasons we conclude that the supreme court in *Williams* did agree with our conclusion that "liability may be imposed upon a manufacturer under the doctrine of strict liability as a result of a defect in design." See also *Dunham v. Vaughan & Bushnell Mfg. Co.*, 86 Ill.App.2d 315, 229 N.E.2d 684, *affirmed*, 42 Ill.2d 339, 247 N.E.2d 401; *Rivera v. Rockford Machine & Tool Co.*, 1 Ill.App. 3d 641, 274 N.E.2d 828.

We, therefore, conclude that the trial court erred in granting a summary judgment on behalf of the defendants based upon the holding of the *Mieher* case.

The next issue for review is whether the trial court erred in striking, because of the statute of limitations, the amended complaint pleading alternative counts as separate theories of recovery based upon the same facts as the original complaint which had been timely filed. The pertinent part of the trial court's order provided that:

"* * * the Court finds that Counts IV through Count IX as alleged in the amended Complaint *are barred* by the Statute of Limitations and therefore Motion is allowed and IT IS HEREBY ORDERED that AMENDED COMPLAINT be stricken." (Emphasis added.)

■■ Ordinarily, we would not interfere with the trial court's judgment with regard to its refusal to allow amendment unless there has been an abuse of discretion. (*Austin Liquor Mart, Inc. v. Department of Revenue*, 51 Ill.2d 1, 280 N.E.2d 437; *Shroat v. Robins*, 7 Ill.App.3d 293, 287 N.E.2d 157.) Nevertheless, when, as in the instant case, we are confronted with a situation where the trial court erroneously believed that it had no

discretion and was required to strike the amended pleadings we need not find an abuse of discretion in order to reverse the trial court.

Section 46 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46), provides, in part, that:

"(1)   At *any time before final judgment* amendments may be allowed on just and reasonable terms,   *   *   *   *changing the cause of action* or defense *or adding new causes of action* or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

(2)   The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading *grew out of the same transaction* or *occurrence set up in the original pleading,* even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

The manufacturer urges that the plaintiff should not be allowed to change his theory of the case after the issue has been submitted to summary judgment. The statutes quoted above belie this and the cases cited by the manufacturer are not persuasive.

██  We have been directed by the parties to the case of *Halberstadt v. Harris Trust & Savings Bank,* 55 Ill.2d 121, 124-125, 302 N.E.2d 64, 66. We feel that its interpretation of the foregoing statute is controlling. Therein the Illinois Supreme Court stated:

"The aforementioned provisions were designed to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleading. *Geneva Construction Co.*

*v. Martin Transfer and Storage Co.* (1954), 4 Ill.2d 273, 287, 122 N.E.2d 540.) As was noted in the *Geneva* case, the policy attendant to statutes of limitation is to provide defendant a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. (4 Ill.2d at 289-90, 122 N.E.2d 540.) In the present case it is readily apparent that the cause of action set forth in the second amended complaint 'grew out of the same transaction or occurrence set up in the original pleading,' which was timely filed. Moreover, in all the pleadings the basis of defendants' liability was the alleged defective nature of the work area utilized by deceased prior to his fall. Thus defendants were informed of circumstances upon which they might predicate a defense. We conclude that the second amended complaint was properly filed."

We, therefore, reverse the order entered by the circuit court of Christian County striking plaintiff's amended complaint and the summary judgment entered in favor of parties defendant, and remand for further proceedings.

Reversed and remanded.

CREBS and CARTER, JJ., concur.