FRANCES PLEASANT *et al.*, Plaintiffs-Appellees, *v.* CERTIFIED GROCERS OF ILLINOIS, INC., *et al.*, Defendants-Appellants.

First District (5th Division)    No. 62214

Opinion filed May 28, 1976.

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Edward V. Scoby, of counsel), for appellants.

Blumenthal and Schwartz, of Chicago (Milton M. Blumenthal, Arthur F. Schwartz, and Richard Lee Stavins, of counsel), for appellees.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court denying defendants' motion to strike and dismiss count three of an amended complaint. In his order the trial judge found in accordance with Supreme Court Rule 308 that his ruling involved a question of law as to which there is a substantial ground for difference of opinion and that appeal may materially advance the ultimate termination of the litigation. Defendants applied for leave to appeal to this court which was granted on August 8, 1975.

The trial judge's finding under Rule 308 identifies the precise question to be: " * * * whether the two year Statute of Limitations in Chapter 70, Section 2 of the Illinois Revised Statutes bars Count III of the First Amended Complaint at Law or whether Count III relates back to the filing of the original Complaint at Law, pursuant to Chapter 110, Section 46 of the Illinois Revised Statutes, in the instant case."

For proper consideration of the issue we find it necessary to backtrack to the original complaint, which admittedly was timely filed. That complaint alleged, *inter alia*, that in addition to injuries sustained by plaintiff, Frances Pleasant, resulting from a collision between a vehicle owned and operated by her and a vehicle owned by defendant, Certified Grocers of Illinois, Inc. (hereinafter Certified), and operated by defendant, Roy W. Crowl, on January 5, 1971, she also suffered a stillbirth some three months after the alleged occurrence. The amended complaint adding count three was filed on March 20, 1975, obviously more than four years after the occurrence alleged in the original complaint. Said count three was added under the Injuries Act (Wrongful Death) (Ill. Rev. Stat. 1973, ch. 70, par. 1 and 2). See *Chrisafogeorgis v. Brandenberg* (1973), 55 Ill. 2d 368, 304 N.E.2d 88.

OPINION

We have concluded after reviewing the record and the cases cited by plaintiffs and defendants that the supreme court decision in *Halberstadt v. Harris Trust & Savings Bank*, 55 Ill. 2d 121, 302 N.E.2d 64 is dispositive of the issue certified to this court by the trial court. In *Halberstadt*, Violet

Halberstadt, as the widow of Gerald Halberstadt, filed a second amended complaint on April 30, 1971, in the circuit court of Cook County charging the Harris Corporation and others with violations of the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60 *et seq.),* which she alleged proximately caused her husband's death when he fell from a commercial office building while washing windows on July 22, 1965. The circuit court granted defendant's motion to dismiss the original complaint, ruling that the defendant's occupation was not within those afforded protection by that statute. The appellate court reversed and remanded, holding that the complaint was properly filed and that deceased was within the occupational category protected by the statute. *(Halberstadt v. Harris Trust & Savings Bank,* 7 Ill. App. 3d 991, 289 N.E.2d 90.) The supreme court granted leave to appeal. Defendants argue that the second amended complaint filed April 30, 1971, superseded prior pleadings and invoked the Structural Work Act almost six years after decedent's accident and it is for that reason barred by the limitations prescribed by the Structural Work Act. The original complaint invoked that Act. There are issues in *Halberstadt* other than defendants' argument on the limitations prescribed by the Structural Work Act which we need not discuss. The only issue before this court at this time is whether count three of the amended complaint is barred by the two-year limitations prescribed by the Injuries Act or whether Section 46 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(1), (2)), supersedes the limitations prescribed by the Injuries Act. Ill. Rev. Stat. 1973, ch. 70, par. 2.

In *Halberstadt* with relation to the application of limitations in the Wrongful Death Act and the right to amend within the Civil Practice Act the court said at page 124:

"Section 46 of the Civil Practice Act provides in relevant part: 'At any time before final judgment amendments may be allowed on just and reasonable terms * * * *changing the cause of action* or defense *or adding new causes of action* or defenses * * * which may enable the plaintiff to sustain the claim for which it was intended to be brought * * *. The cause of action * * * set up in any amended pleading *shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted,* if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the *cause of action asserted * * * in the amended pleading grew out of the same transaction or occurrence set up in the original pleading * * *.' "* (Emphasis added.)

The supreme court affirmed the appellate court and thereby found that amendments under section 46 of the Illinois Civil Practice Act could be

properly filed at any time before the final judgment and that such amendments related back to the original complaint provided the amended pleadings grew out of the same transaction or occurrence set out in the original pleading. There can be no doubt that the alleged wrongful death alleged in count three of the second amended complaint arose out of the same occurrence as alleged in the original complaint.

Although not cited in *Halberstadt* the court, in fact, reaffirmed its opinion in *Metropolitan Trust Co. v. Bowman Dairy*, 369 Ill. 222, 15 N.E.2d 838. Both plaintiffs and defendants rely on that case. We agree with plaintiffs' interpretation rather than defendants'.

Although included in the foregoing quote from *Halberstadt* we hold that paragraph 2 section 46 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(2)) is also dispositive of the issue before us. It reads:

> "The cause of action, cross demand or defense set up in any amended pleading *shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed * * *.*" (Emphasis added.)

We find the language of that paragraph clear and unambiguous and rely on it together with the cases cited herein as our basis for holding that count three of the amended complaint was properly filed and related back to the original complaint and is our basis for affirming the trial court's denial of defendants' motion to strike and dismiss count three of the amended complaint and remanding the cause back to the circuit court for further proceeding.

Affirmed and remanded.

LORENZ, P. J., and SULLIVAN, J., concur.