KATHERINE SMETZER, Plaintiff-Appellant, *v.* THE COUNTY OF LA SALLE *et al.*, Defendants-Appellees.

Third District   No. 76-133

Opinion filed September 14, 1977.—Supplemental opinion filed on denial of rehearing November 8, 1977.

Craig Armstrong, of Wolslegel & Armstrong, of Ottawa, for appellant.

Anthony C. Raccuglia, of Peru, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

On July 22, 1971, at 3:30 p.m., plaintiff Katherine Smetzer and her husband were on their way home from work traveling north on Illinois Route 170 near Seneca, Illinois, when the Smetzer automobile went out of control and skidded into a concrete abutment of the Illinois River bridge. As a result of the crash plaintiff was severely injured. She first brought a negligence action against Wetherby Construction Company and Clarion Chapman, but later the County of La Salle and Eugene Stevenson, county superintendent of highways, were made defendants and the cause was dismissed as to Wetherby and Chapman by agreement of the parties.

In her first amended complaint plaintiff alleged that, on the day in question, county employees were engaged in applying calcium chloride on the gravel surface of Du Pont Road (county road 36) for the purpose of settling dust and that they negligently deposited calcium chloride onto the pavement of State Route 170 where it intersected with Du Pont Road, causing the Smetzer car to slide out of control.

Plaintiff's witnesses testified that county employees applied calcium chloride with a John Deere spreader, that the chemical poured easily in a manner similar to soap flakes, and that it settled dust by absorbing moisture from the air. On the day in question the spreader had crossed Route 170 twice, once going west on Du Pont Road and once returning east. The workman who operated the spreader stated that it was closed and not depositing calcium chloride before it crossed the pavement. Witnesses who were at the scene immediately after the accident testified that there was an unidentified slippery substance on the pavement of Route 170 where it intersected with the county road, and defendant Eugene Stevenson, the county superintendent of highways, testified that

calcium chloride flakes could come out while the spreader was closed if the spreader hit a bump.

A water tank truck belonging to Wetherby Construction Company had made several trips along Route 170 and through the intersection that day hauling water from Seneca to the road construction site on Du Pont Road. About one-half hour before the accident the empty tank truck had made a trip into Seneca for more water. On its return the water truck was stopped on the bridge by cars blocking the accident scene. The day was sunny, warm and dry. Another car traveling behind the Smetzers was seen to spin around in a 360° circle at the same place on Route 170 when the driver apparently applied his brakes upon seeing the Smetzers hit the bridge. The driver of that car was deceased at the time of trial.

James Smetzer, plaintiff's husband, testified that, as he drove over a hill and into the curve on Route 170, he saw a pickup truck stopped at the Du Pont Road intersection on the east side of Route 170. The truck, which was headed west on Du Pont Road, pulled onto the edge of the pavement. Smetzer honked his horn and pulled into the left lane to go around the truck. After he was around the truck he started to turn back into the right lane when he lost control, and the car slid into the bridge abutment on the east side of the road. The car then spun 180° and struck the abutment on the other side of the road. According to Smetzer, he was traveling 50 miles per hour when he came to the top of the hill, but he slowed down as he came downhill and was driving 40 or 45 miles per hour at the time of the accident.

The driver of the pickup truck, Clarion Chapman, testified that he could not see very far to his right when he stopped at the stop sign, which was 15 feet east of the edge of the pavement, so he pulled up to the edge of Route 170 to see around the trees and brush. When he saw the Smetzer car coming from his left, it was traveling 65 or 70 miles per hour.

Defendant Stevenson, who was called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60), stated that he was responsible for maintaining the right-of-way along Du Pont Road and that his jurisdiction ended at the edge of the state highway pavement. During cross-examination, he clarified the latter statement by saying that he maintains the "traveled way to the edge of the pavement" and that he maintains the county right-of-way to the State right-of-way line.

After three days of trial, plaintiff sought leave to amend her complaint to conform the pleadings to the proof by adding allegations that defendants were negligent in failing to cut the weeds and brush which obscured Chapman's view from Du Pont Road to the north. The trial court refused to permit the amendment on the ground that the proposed allegations stated a new cause of action which was barred by the statute of limitations. Plaintiff then rested, and defendant also rested without

calling any witnesses. The trial court granted defendant's motion for a directed verdict. Subsequently plaintiff's post-trial motion was denied, and this appeal followed.

■■ The first error assigned is the trial court's denial of plaintiff's motion to amend her complaint. Plaintiff contends that the statute of limitations is not a bar to the cause of action set out in her second amended complaint because, under section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)), amendments adding new causes of action are not barred if the new cause of action "grew out of the same transaction or occurrence set up in the original pleading," but rather such amendments relate back to the date the original pleading was filed. Plaintiff relies upon *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64, where it was held that an amended complaint was not barred by limitations where the new pleadings alleged a Structural Work Act violation in addition to the earlier allegations of negligence. In that case suit was brought to recover for the death of a window washer who fell while working on the defendants' bank building. The supreme court stated:

> "[T]he policy attendant to statutes of limitation is to provide defendant a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. [Citation.] In the present case it is readily apparent that the cause of action set forth in the second amended complaint 'grew out of the same transaction or occurrence set up in the original pleading,' which was timely filed. Moreover, in all the pleadings the basis of defendants' liability was the alleged defective nature of the work area utilized by deceased prior to his fall. Thus defendants were informed of circumstances upon which they might predicate a defense." (55 Ill. 2d 121, 125, 302 N.E.2d 64, 66.)

Similar decisions were reached in *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440; *Pleasant v. Certified Grocers of Illinois, Inc.* (1st Dist. 1976), 39 Ill. App. 3d 83, 350 N.E.2d 65; *Krieger v. Village of Carpentersville* (2d Dist. 1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.

Defendant argues that the trial court has broad discretion to allow or refuse a material amendment to the pleadings prior to the entry of final judgment, and the exercise of that discretion should not be disturbed on review except in cases of clear abuse. See, *e.g., Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10; *Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 163 N.E.2d 518.

Plaintiff responds that the original complaint and both amended complaints were based upon the defective condition of the intersection. Also plaintiff relies upon *Allen v. Kewanee Machinery & Conveyor Co.*

(5th Dist. 1974), 23 Ill. App. 3d 158, 318 N.E.2d 696, where the trial court had ruled that an amended complaint was barred by the statute of limitations. The reviewing court reversed, stating:

"Ordinarily, we would not interfere with the trial court's judgment with regard to its refusal to allow amendment unless there has been an abuse of discretion. [Citations.] Nevertheless, when, as in the instant case, we are confronted with a situation where the trial court erroneously believed that it had no discretion and was required to strike the amended pleadings we need not find an abuse of discretion in order to reverse the trial court." (23 Ill. App. 3d 158, 162-63, 318 N.E.2d 696, 699.)

After carefully reviewing the entire record in the case at bar, we conclude that the new allegations of defendants' negligent failure to cut weeds along the county road right-of-way west of the stop sign actually set up a cause of action growing out of a *different occurrence* than the allegations of defendants' wrongful deposit of a hazardous chemical on the state route. We note that defendants have had no opportunity to preserve evidence concerning the alleged obstruction caused by weeds and trees as they existed on July 22, 1971. Also, the failure to cut weeds involves totally different conduct by different persons at a different time and a different place than the depositing of a hazardous substance on the highway. Defendants can properly claim surprise where they did not have notice prior to the expiration of the statute of limitations that plaintiff was seeking to recover damages caused by an obstruction of Chapman's view. Consequently we find that plaintiff's second amended complaint does not come within section 46(2) of the Civil Practice Act, and that the trial court's ruling was proper.

■■ Plaintiff next contends that it was error to enter a directed verdict in favor of defendants. That ruling can be sustained only if the evidence together with all reasonable inferences, when viewed in the light most favorable to plaintiff, so overwhelmingly favor defendants that no verdict in favor of plaintiff can ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Plaintiff insists that reasonable inferences of defendants' negligence can be drawn from the evidence which, even though circumstantial, would nevertheless be sufficient to sustain a finding of negligence.

■■ Plaintiff also complains that the trial court mistakenly considered plaintiff to be bound by the testimony of a shorthand reporter who read excerpts from the discovery deposition taken from William Kormelink, a county employee who rode on the truck that pulled the spreader. Kormelink was quoted as stating that the spreader crossed Route 170 twice on July 22, that the spreader was shut off before it reached Route 170, that he was riding on the back, and that he checked the spreader and

noticed nothing coming out before crossing the road. Plaintiff says that she is not bound by this evidence because she introduced the discovery deposition solely as an admission by an agent of defendant county that the spreader crossed Route 170 that day. A discovery deposition may be so used pursuant to Supreme Court Rule 212(a). However, it is clear from the record that neither side sought to restrict the use of Kormelink's deposition. Although plaintiff could have objected to the questions and answers elicited during defendant's cross-examination of the stenographer, she did not do so and thus waived her right to limit the use of the evidence.

■■ Defendants point out that plaintiff offered no proof that defendants caused anything to drop on the highway, that there was no testimony as to what substance was on the highway, and no evidence that anything was on the highway prior to the accident. After considering all of the evidence in the record, we believe that plaintiff failed to establish a *prima facie* case and that the trial court correctly directed a verdict for defendants.

Plaintiff also asserts errors in various rulings made in the course of trial. However, since we have decided that the directed verdict in favor of defendants was proper, we need not consider those issues.

The judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

A petition for rehearing filed by plaintiff requires comment. Plaintiff first contends that our decision in effect overrules an earlier decision of this court in *McCullough v. Tomaich* (3d Dist. 1974), 20 Ill. App. 3d 262, 314 N.E.2d 643. Such is not the case. In *McCullough,* plaintiff filed suit under the Dramshop Act to recover for injuries he received in a tavern shooting. After the statute of limitations had expired, the complaint was amended to seek recovery for loss of support sustained by plaintiff's wife and three minor children. This court approved the amendment and noted that the new causes of action grew out of the same occurrence (the shooting of plaintiff) as the original cause. In the case at bar, we have concluded that, unlike *McCullough,* the amended complaint alleged a cause of action arising out of a different occurrence (a failure to cut

weeds) than the original complaint which alleged the deposit of a hazardous substance on a highway.

Plaintiff also argues that a motion to conform the pleadings to the proof under section 46(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(3)) can be granted without regard to the limitation provision of section 46(2). As our decision indicates, we disagree.

The petition for rehearing is denied.

STOUDER and SCOTT, JJ., concur.