PAULETTE CHANDLER, Adm'r of the Estate of Douglas Chandler, Deceased, Plaintiff-Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellee.

Fifth District   No. 5—01—0348

Opinion filed August 30, 2002.

Bruce N. Cook, of Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd., of Belleville, for appellant.

Kurt E. Reitz and Heath H. Hooks, both of Thompson Coburn L.L.P., of Belleville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The instant case originated after a car driven by Douglas Chandler (decedent) and a train owned and operated by Illinois Central Railroad Company (defendant) collided with each other. The crossing at which this accident occurred was once protected by gates, but in 1962, defendant petitioned the Illinois Commerce Commission (Commission) to remove the gates. The Commission granted defendant's petition, and the gates were removed. On October 6, 1997, Paulette Chandler (plaintiff), the administrator of decedent's estate, filed an action against defendant. Plaintiff alleged that defendant's negligence caused

decedent's death. The third amended complaint, which is the subject of this appeal, was dismissed by the trial court. The trial court ruled in favor of defendant's motions to dismiss, which were brought pursuant to both section 2—615 and section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 2000)). On appeal, plaintiff contends that (1) whether or not a duty exists is a question of law based upon the facts in the complaint, (2) the immunity conferred upon a railroad against its negligence in the case of the installation of flashing signals or crossing gates does not include the instant situation in which defendant petitioned the Commission to remove the crossing gates, (3) section 1535.335(a) of Title 92 of the Illinois Administrative Code (Administrative Code) (92 Ill. Adm. Code § 1535.335(a) (1994)) establishes a standard of care that flashing signals generally be placed within 15 feet of the near rail, and (4) subparagraph 5(i) of the amended complaint was not time-barred, because it relates back to the original complaint. We reverse and remand.

## FACTS

On January 16, 1997, decedent collided with a train operated by defendant at the Center Street grade crossing in Tilden, Illinois. The crossing was secured by flashing signals only. The crossing was previously secured by gates, but on March 10, 1962, defendant petitioned the Commission to remove the gates. The Commission granted defendant's petition in July 1962, and the gates were removed.

On October 6, 1997, plaintiff filed her original complaint, which she later voluntarily dismissed. On January 11, 2000, plaintiff refiled her complaint in the circuit court of St. Clair County; however, on May 22, 2000, the trial court transferred the cause to Randolph County on the basis of *forum non conveniens*. On November 27, 2000, the trial court granted plaintiff leave to file a first amended complaint. In response to the amended complaint, defendant filed a motion to dismiss or strike. On February 23, 2001, the trial court entered an order granting defendant's motion to dismiss. The order also allowed plaintiff 30 days in which to file an amended complaint.

On March 2, 2001, plaintiff filed an amended complaint, which was styled "[t]hird [a]mended [c]omplaint." Paragraph five of plaintiff's third amended complaint alleged that defendant committed one or more of the following negligent acts or omissions:

"a. Negligently and carelessly failed to adequately maintain its flashing warning signals;

b. Negligently and carelessly failed to adequately warn motorists of the approach of the train;

c. Negligently and carelessly placed the flashing signals control-

ling southbound traffic on Center Street more than 15 feet from the rail, contrary to the Illinois Administrative Code[,] Title 92[,] § 1535.335;

d. Negligently and carelessly placed the flashing signals controlling such southbound traffic on Center Street in a manner that failed to adequately warn southbound motorists of an approaching train;

e. Negligently and carelessly failed to equip the crossing with gates when the defendant knew or should have known the railroad crossing was ultra hazardous [*sic*];

f. Negligently and carelessly failed to keep its right-of-way reasonably clear of brush, shrubbery, trees, weeds[,] and other unnecessary obstructions for a distance of at least 500 feet each way from its grade crossing in violation of [section 18c—7401 of the Illinois Commercial Transportation Law (625 ILCS 5/18c—7401 (West 2000))];

g. Negligently and carelessly failed to keep a proper lookout for vehicles at or near the crossing;

h. Negligently and carelessly drove its train at a speed that was not reasonable and proper;

i. Negligently and carelessly failed to stop or slow its train in a manner as to avoid the accident;

j. Negligently and carelessly removed gates from the crossing in question when the defendant knew or should have known that such presented a hazard to motors [*sic*] on Center Street;

k. Negligently and carelessly failed to have crossing gates protecting the intersection in question."

On March 30, 2001, defendant filed a motion to dismiss and/or motion for a summary judgment, in which it raised numerous arguments why the third amended complaint should be dismissed.

On April 23, 2001, the trial court granted defendant's motion to dismiss. The trial court dismissed subparagraph 5(h) on the basis that plaintiff previously conceded that her claim that the train was being operated at an improper speed was preempted by federal law. The trial court dismissed subparagraph 5(c) on the basis that section 1535.335 of Title 92 of the Administrative Code (92 Ill. Adm. Code § 1535.335 (1994)) does not impose a duty on defendant to place signals within 15 feet from the near rail, dismissed subparagraph 5(i) on the basis that it was filed beyond the statute of limitations, and dismissed subparagraphs 5(d), (e), (j), and (k) on the basis that they are precluded by section 18c—7401(3) of the Illinois Commercial Transportation Law (Transportation Law) (625 ILCS 5/18c—7401(3) (West 2000)). The trial court also dismissed the complaint on the basis that it failed to allege a duty owed to plaintiff by defendant. Plaintiff filed a timely notice of appeal.

## ANALYSIS

### I. Duty

We first address plaintiff's contention that whether or not a duty exists is a question of law based upon the facts in the complaint rather than the specific allegation of "duty." The trial court dismissed plaintiff's third amended complaint pursuant to section 2—615 of the Code because plaintiff failed to specifically allege a duty on the part of defendant to plaintiff. The better practice is to so allege specifically and to use the term "duty" in that allegation. We find, however, that a plaintiff need not plead the term "duty" for a duty to actually exist.

■ In reviewing the dismissal of a complaint under either section 2—615 or section 2—619 of the Code, we apply a *de novo* standard of review. *R-Five, Inc. v. Shadeco, Inc.*, 305 Ill. App. 3d 635, 639, 712 N.E.2d 913, 915 (1999). A section 2—615 motion is based on the pleadings rather than the underlying facts. A motion brought pursuant to section 2—615 attacks the legal sufficiency of the complaint. We must determine whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Provenzale v. Forister*, 318 Ill. App. 3d 869, 878, 743 N.E.2d 676, 683 (2001).

■ *Browning v. Heritage Insurance Co.*, 33 Ill. App. 3d 943, 338 N.E.2d 912 (1975), set forth the following rule concerning the necessity of alleging a duty:

> "Where the cause of action arises out of a breach of duty owed by defendant to plaintiff, plaintiff must plead facts which disclose a duty to him and defendant's breach of that duty. The plaintiff must allege facts from which the law will raise a duty, and allege an omission of duty and a resulting injury. *An allegation of duty, as such, is surplusage—if the facts stated raise the duty[,] the allegation is unnecessary; if they do not, it is unavailing.* If the complaint plainly and concisely alleged sufficient facts from which the law will raise a duty, and an alleged omission of duty, and an alleged proximately resulting injury[,] it is sufficient as a matter of pleading." (Emphasis added.) *Browning*, 33 Ill. App. 3d at 947-48, 338 N.E.2d at 916.

This common-sense approach promotes substance over form and is applicable in the instant case.

■ We disagree with defendant's assertion that plaintiff waived this issue by failing to raise *Browning* before the trial court. Whether a duty exists is a question of law that can be raised at any time and is for a court to decide. Plaintiff either alleged this element of the cause of action or she did not. If she alleged this element, the dismissal of the complaint was improper. The question is not dependent upon what case law was raised before the trial court.

A railroad has a duty to exercise due care in order to avoid a collision (*Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 115, 649 N.E.2d 1323, 1326 (1995)) and to provide adequate warning devices at crossings. *Espinoza*, 165 Ill. 2d at 120, 649 N.E.2d at 1329. Upon close examination, it is clear that plaintiff's third amended complaint contained sufficient facts to state a cause of action as a matter of pleading. An additional paragraph specifically alleging a duty was not necessary. Accordingly, we find that the trial court erred in dismissing plaintiff's third amended complaint on the basis that it failed to specifically allege a duty.

## II. Removal of Gates

Plaintiff next contends that the trial court erred in dismissing subparagraphs 5(d), (e), (j), and (k) of her third amended complaint. These subparagraphs all relate to the alleged negligence of defendant in failing to have crossing gates at the intersection where the accident occurred. The trial court found that the Commission had the authority to enter the July 10, 1962, order approving the removal of the gates. The trial court further found, pursuant to section 18c—7401(3) of the Transportation Law (625 ILCS 5/18c—7401(3) (West 1996)), that the Commission's approval means that the signals are adequate and appropriate and that plaintiff is precluded from arguing otherwise. We disagree.

█ The trial court dismissed subparagraphs 5(d), (e), (j), and (k) pursuant to section 2—619 of the Code. A section 2—619 motion is properly used to raise affirmative matters that negate the claim. It is not used to challenge the essential allegations of a plaintiff's cause of action. *Provenzale*, 318 Ill. App. 3d at 878, 743 N.E.2d at 683. Defendant supported its motion with a July 10, 1962, order of the Commission, which approved defendant's petition to remove the existing short-arm crossing gates from the intersection in question. That order approved numerous alterations to existing crossings as proposed by defendant and provided in pertinent part as follows:

> "[T]he next southerly crossing is Center Street (IC-41.9-G), Tilden, Randolph County. The northbound main track would be removed, the existing signals to remain as now placed[,] and the short[-] arm gates removed; movements over the house track would be made at slow speed under flagman protection when required[.]"

The trial court agreed with defendant that this order entitled the railroad to a conclusive presumption that the existing signals are adequate pursuant to section 18c—7401(3) of the Transportation Law. That section provides in pertinent part as follows:

> "The Commission shall have power, *upon its own motion, or upon complaint*, and after having made proper investigation, to require

the installation of adequate and appropriate luminous reflective warning signs, luminous flashing signals, crossing gates illuminated at night, or other protective devices in order to promote and safeguard the health and safety of the public. Luminous flashing signal or crossing gate devices installed at grade crossings, which have been approved by the Commission, shall be deemed adequate and appropriate." (Emphasis added.) 625 ILCS 5/18c—7401(3) (West 2000).

The trial court specifically relied on *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 649 N.E.2d 1323 (1995), in determining that there was a conclusive legal presumption that the existing signals were adequate and prevented plaintiff from arguing to the contrary.

In *Espinoza*, the plaintiffs brought an action for damages incurred from the collision of a train and a truck in which they were passengers. The plaintiffs alleged that the railroad was negligent by (1) failing to apply the brakes properly, (2) operating the train without lighting, (3) failing to operate the whistle, and (4) failing to install crossing gates to prevent vehicles from entering the crossing zone. The trial court granted a summary judgment in favor of the railroad on all issues. *Espinoza*, 165 Ill. 2d at 112, 649 N.E.2d at 1325. The appellate court reversed and remanded, and our supreme court found material issues of fact on the first three issues. *Espinoza*, 165 Ill. 2d at 114-21, 649 N.E.2d at 1326-29. The supreme court affirmed the summary judgment on the issue of the adequacy of the warning devices at the crossing, holding that the Commission's approval of crossing protection pursuant to section 18c—7401(3) of the Transportation Law preempted such claims. *Espinoza*, 165 Ill. 2d at 124, 649 N.E.2d at 1331. The plaintiffs also argued that the fact that the Commission had not made an inspection since the effective date of the law meant that the statute could not be applied to that case; however, the supreme court, relying on legislative history, found that there was an intent to apply the statute regardless of when the crossing was inspected. *Espinoza*, 165 Ill. 2d at 123, 649 N.E.2d at 1330.

Here, the trial court found *Espinoza* applicable to the facts of the instant case. The trial court found no distinction, even though the instant case involves the *removal* of previous signals and *Espinoza* involved the *installation* of new signals and devices. However, we agree with plaintiff that this factual distinction is important and that *Espinoza* does not control in the instant case.

Section 18c—7401(3) of the Transportation Law, which grants immunity to a railroad, specifically states that the Commission shall have the power to require the installation of warning devices "upon its own motion, or upon complaint." 625 ILCS 5/18c—7401(3) (West

2000). The July 1962 order that the trial court relied upon as bestowing immunity upon the railroad was not commenced upon the Commission's own motion or upon complaint, but it was initiated by the railroad. We agree with plaintiff that the broad immunity granted to a railroad pursuant to section 18c—7401(3) of the Transportation Law is only appropriate in cases where the Commission or the public was seeking to have improved warning devices installed at a railroad crossing, not where, as here, a railroad desired to downgrade the warning devices.

The supreme court used the following language in *Espinoza*:
> "We interpret the relevant language of section 18c—7401(3) as providing that once the Commission has investigated a crossing and has approved the *installation* of a luminous flashing signal or crossing gate device, then the *installation* of that device shall be deemed adequate and appropriate. A conclusive legal presumption is created which prevents plaintiffs from arguing that the railroad should have *installed* other warning devices." (Emphasis added.) *Espinoza*, 165 Ill. 2d at 121, 649 N.E.2d at 1329-30.

As plaintiff points out, nothing was installed in the instant case. Short-arm crossing gates were removed in 1962 after defendant petitioned for their removal.

■ A railroad has a common law duty to provide adequate warning devices at its crossings. *Bassett v. Burlington Northern R.R. Co.*, 131 Ill. App. 3d 807, 812, 476 N.E.2d 31, 34 (1985). Statutes in derogation of the common law are to be strictly construed in favor of persons sought to be subjected to their operation. Courts will read nothing into such statutes by intendment or implication. *Barthel v. Illinois Central Gulf R.R. Co.*, 74 Ill. 2d 213, 220, 384 N.E.2d 323, 327 (1978). Relying on this principle of statutory interpretation, we find that section 18c—7401(3) of the Transportation Law is limited to situations in which the Commission, upon its own motion or upon a complaint, installs, rather than removes, a warning device.

### III. Statute of Repose

■ Defendant also maintains that subparagraphs 5(d), (e), (j), and (k) of plaintiff's third amended complaint are barred by section 13—214(b) of the Code (735 ILCS 5/13—214(b) (West 1996)). The trial court found that section of the Code inapplicable to the facts in the instant case. Section 13—214(b) of the Code states in part:
> "No action based upon tort, contract[,] or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13—214(b) (West 1996).

Defendant insists that these subparagraphs are barred because they were not brought within 10 years of the time the crossing was designed and constructed; however, we find that the statute of repose does not apply to plaintiff's allegations that defendant failed to properly equip the crossing. Moreover, we find that the removal of the short-arm gates and the Commission's directive that the existing signals remain as placed do not constitute "improvements" within the meaning of section 13—214(b).

Relevant criteria for determining what constitutes an "improvement to real property" within the meaning of section 13—214 include whether the addition was meant to be permanent or temporary, whether it was an integral component of the system, whether the value of the property was increased, and whether the use of the property was enhanced. *St. Louis v. Rockwell Graphic Systems, Inc.*, 153 Ill. 2d 1, 4-5, 605 N.E.2d 555, 556 (1992). A practical application of this rule indicates that the removal of short-arm gates did not enhance the value of the property. Because no materials were added, we conclude that there were no improvements within the meaning of section 13—214(b).

After careful consideration, we find that the trial court erred in dismissing subparagraphs 5(d), (e), (j), and (k) of plaintiff's third amended complaint.

## IV. Administrative Code

■ Plaintiff next contends that the trial court erred in dismissing subparagraph 5(c) of the third amended complaint, which referred to the Administrative Code. Subparagraph 5(c) of the complaint alleged, "[Defendant] [n]egligently and carelessly placed the flashing signals controlling southbound traffic on Center Street more than 15 feet from the rail, contrary to the Illinois Administrative Code[,] Title 92[,] § 1535.335." The trial court dismissed subparagraph 5(c) on the following basis: "92 Illinois Administrative Code Section 1535.335 imposes no duty *** to place signals within fifteen feet of the near rail."

Section 1535.335(a) of Title 92 of the Administrative Code provides in pertinent part:

> "The distance from the signals to the railroad and to the edge of the pavement will be governed by local conditions, but in general the signals shall be located not more than 15 feet from the near rail except where a point in the centerline of the highway opposite the signal would be less than 10 feet therefrom." 92 Ill. Adm. Code § 1535.335(a) (1994).

We agree with plaintiff that the above administrative rule may establish a standard of care.

In *Davis v. Marathon Oil Co.*, 64 Ill. 2d 380, 356 N.E.2d 93 (1976), our supreme court held that a violation of administrative rules, regulations, or orders designed to protect human life or property is *prima facie* evidence of negligence, provided the rule, regulation, or order has been validly adopted and has the force of law. *Davis*, 64 Ill. 2d at 390, 356 N.E.2d at 97. The Administrative Code has the force and effect of law, and its rules and regulations are presumed valid. *Medcat Leasing Co. v. Whitley*, 253 Ill. App. 3d 801, 803, 625 N.E.2d 424, 425 (1993). Administrative regulations are the result of an agency's applied expertise and are relevant evidence of applicable standards of care. *Davis*, 64 Ill. 2d at 390, 356 N.E.2d at 97.

While the section of the Administrative Code cited above does not state that all signals must be placed within 15 feet of the rail, we agree with plaintiff that placing a flashing signal farther than 15 feet from the rail may constitute negligence. On the other hand, defendant may be able to prove that placing the signal more than 15 feet from the rail was reasonable under the circumstances. In any event, we find that the trial court erred in granting defendant's motion to dismiss at this juncture. Defendant has failed to convince us that this administrative rule, designed to protect human life and property, should not be considered.

## V. Subparagraph 5(i)

■ Plaintiff also contends that the trial court erred in dismissing subparagraph 5(i) of her third amended complaint as time-barred. The trial court found that the allegation raised in subparagraph 5(i) did not relate back to the original complaint filed on October 6, 1997, and was, therefore, time-barred. Plaintiff maintains that subparagraph 5(i) was not an allegation of a new cause of action but, rather, was a new theory of defendant's negligent operation of its train and related back to the original complaint. We agree with plaintiff.

Section 2—616 of the Code provides that a pleading may be amended any time before final judgment. 735 ILCS 5/2—616(a) (West 2000). The amended pleadings may change the cause of action and will not be time-barred so long as (1) the original pleading was timely filed and (2) the cause of action added in the amended pleading grew out of the same transaction or occurrence as the original pleading. 735 ILCS 5/2—616(b) (West 2000). Our supreme court has stated that the relation-back doctrine found in section 2—616(b) is remedial in nature and should be applied liberally to favor hearing a plaintiff's claim. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106, 672 N.E.2d 1207, 1223 (1996). Plaintiffs should not be barred from having the merits of their case heard because of technical rules of pleading,

and courts should elevate substance over form. *Jablonski v. Rothe*, 287 Ill. App. 3d 752, 754-55, 678 N.E.2d 1108, 1110 (1997).

In the instant case, the two pleadings in question both pertain to the accident between decedent's vehicle and defendant's train and both seek to impose liability on defendant for, *inter alia*, negligent operation of the train. The original complaint, filed well within the statute of limitations, specifically alleged in pertinent part as follows:

"3. It was the duty of the [d]efendant at that time to use reasonable care in the operation and movement of its train[;] *** [T]hose duties notwithstanding, the [d]efendant committed one or more of the following negligent acts:

\* \* \*

Negligently and carelessly failed to keep a proper lookout for vehicles at or near the crossing ***."

In subparagraph 5(i) of the third amended complaint, plaintiff specifically alleged, "[Defendant] [n]egligently and carelessly failed to stop or slow its train in a manner as to avoid the accident."

After reviewing the pleadings as a whole, we find that the allegation found in subparagraph 5(i) of plaintiff's third amended complaint relates back to the original pleading because both "are premised on the same basic tortious conduct and the same resulting injuries" (*Longust v. Peabody Coal Co.*, 151 Ill. App. 3d 754, 756, 502 N.E.2d 1096, 1097 (1986)). Both of the allegations pertain to defendant's alleged negligent operation of its train caused by the crew's failure to avoid the accident. We fail to see how defendant will be prejudiced in preparing its defense because of a slight change in the wording of the complaint, and therefore, we conclude that the trial court erred in dismissing subparagraph 5(i) of plaintiff's third amended complaint.

Defendant cites cases in support of the trial court's ruling, but it fails to convince us that the trial court's determination was correct. For example, defendant's reliance on *Smetzer v. County of La Salle*, 53 Ill. App. 3d 741, 368 N.E.2d 933 (1997), is misplaced. In *Smetzer*, a plaintiff involved in an automobile accident filed a complaint based on the county having applied a slippery chemical on the road. The plaintiff later attempted to amend the complaint, alleging that weeds along the road obstructed her view. The *Smetzer* court held that these two allegations were separate occurrences and that, thus, the plaintiff's motion to amend was properly denied. *Smetzer*, 53 Ill. App. 3d at 745, 368 N.E.2d at 936. The *Smetzer* court pointed out that the county had no opportunity to preserve evidence concerning the alleged obstruction caused by weeds and trees and that the failure to cut weeds involves totally different conduct by different persons at different times than the depositing of a hazardous substance on the road. *Smetzer*, 53 Ill. App. 3d at 745, 368 N.E.2d at 936.

474

The instant case is distinguishable because, here, the basic facts supporting plaintiff's original complaint and the amended complaint are the circumstances surrounding the accident wherein defendant's train collided with decedent's vehicle. The allegations found in subparagraph 3(e) of plaintiff's original complaint and subparagraph 5(i) of the third amended complaint focus on defendant's negligent operation of its train and the crew's failure to avoid the accident. Both pleadings focus on the same type of tortious conduct. The addition of this new theory of recovery does not prevent the relation back of an amendment, because both the amendment and the original pleading are premised upon the same basic tortious conduct and the same resulting injuries. See *Longust*, 151 Ill. App. 3d at 756, 502 N.E.2d at 1097.

CONCLUSION

For the foregoing reasons, we conclude that no proper basis for the dismissal of plaintiff's complaint exists, except with regard to subparagraph 5(h) of the third amended complaint, which plaintiff conceded should be dismissed based upon federal preemption. Accordingly, the judgment of the circuit court of Randolph County is hereby reversed. Plaintiff's cause is remanded for further proceedings consistent with this opinion.

Reversed; cause remanded.

RARICK and CHAPMAN, Melissa, JJ., concur.