DANIEL GREENOCK, Adm'r of the Estate of Mary Greenock, Deceased, Plaintiff-Appellee, *v.* RUSH PRESBYTERIAN ST. LUKE'S MEDICAL CENTER, Defendant-Appellant.

First District (3rd Division)   Nos. 77-1016, 78-524 cons.

Opinion filed September 27, 1978.—Rehearing denied November 6, 1978.

French & Rogers, of Chicago (Michael C. Kominiarek, of counsel), for appellant.

Robert F. Lisco, of Lisco & Field, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This is a medical malpractice action against Rush Presbyterian St. Luke's Medical Center (the hospital) filed by plaintiff, Daniel Greenock, to recover for the wrongful death of plaintiff's decedent. Suit was filed on November 1, 1976, alleging the death of plaintiff's decedent on April 11, 1973, caused by the hospital's negligence during a renal transplant on plaintiff's decedent, and that the acts of negligence were willfully concealed by the hospital.

Prior to the filing of the wrongful death action, the hospital filed a suit for collection of an unpaid bill for services to plaintiff's decedent. This suit was filed against Joseph Greenock who filed a counterclaim on August 5, 1974, alleging that the hospital knew that no monies were owed it and seeking damages because the hospital's collection suit was wrongfully brought. The collection suit was consolidated with the wrongful death action on February 4, 1977. Joseph Greenock is not a party to the wrongful death action.

A motion to dismiss was filed by the hospital in the wrongful death action, pleading the bar of the Wrongful Death Act's 2-year filing period. (Ill. Rev. Stat. 1975, ch. 70, par. 2.) Relying upon section 17 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 18), the circuit court denied the motion, stating that although the action might otherwise be time-barred, it was properly brought because of the pendency of the counterclaim by Joseph Greenock in the collection suit. The circuit court certified the question of law for appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), as follows:

> "The court further finds the applicable question of law involved to be: Whether the plaintiff's filing of a counter-claim in a separate lawsuit will toll the running of the statute of limitations of the Wrongful Death Act, chap. 70, sec. 2 of Ill. Revised Statutes for filing of a separate wrongful death cause of action."

This court allowed the hospital's petition for leave to appeal pursuant to the certified question.

Although the question of law set forth above was certified for our review, plaintiff advances several grounds in addition to section 17 for affirming the denial of the hospital's motion to dismiss. First, plaintiff argues that section 21.1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) and recent decisions broadening the discovery rule in medical

malpractice cases supersede the 2-year limitation provision of the Wrongful Death Act in actions alleging malpractice. Second, plaintiff contends the filing of the wrongful death action effectuated an amendment to the counterclaim in the collection suit and therefore under section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)) is not time-barred because it relates back to August 5, 1974, the date the counterclaim was filed. Last, plaintiff contends his allegations of fraudulent concealment were sufficient to withstand the motion to dismiss.

■■ We first examine the applicability of section 21.1 to plaintiff's claim. It provides:

> "No action for damages for injury or *death* against any physician or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought *more than 2 years after the date on which the claimant knew,* or through the use of reasonable diligence should have known, or received notice in writing of the existence *of the* injury or *death for which damages are sought in the action,* whichever of such date occurs first, but in no event shall such action be brought more than 5 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." (Emphasis added.)

Plaintiff contends section 21.1 applies to all medical malpractice actions, including wrongful death, because the statute explicitly applies to actions for "damages for injury or death," thereby implicitly replacing section 2 of the Wrongful Death Act in medical malpractice actions. Plaintiff also argues that section 21.1 incorporates the discovery rule set forth in the landmark case of *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450. Plaintiff's interpretation of the discovery rule is that a cause of action does not accrue until it is learned that the death resulted from negligence. Thus, plaintiff argues that a reasonable interpretation of section 21.1 is that even in the case of death the 2-year limitation period does not commence until all of the elements of the cause of action, including negligence, are discovered.

The hospital contends that section 21.1 is an unconstitutional amendment to the Wrongful Death Act and for that reason the limitations period to be applied is 2 years from date of death prescribed by section 2 of the Wrongful Death Act. It is unnecessary to consider whether the enactment of section 21.1 of the Limitations Act conflicts with any constitutional provision because in any event, plaintiff's action would be barred under that section as well.

Specifically in relation to medical malpractice actions for death in which the fact of the death is known, section 21.1 states: "No action for

\* \* \* death \* \* \* shall be brought more than 2 years after the date on which the claimant knew \* \* \* of the \* \* \* death for which damages are sought in the action\* \* \*." It is clear that the event which commences the statute running is the claimant's knowledge of the death. Under the plain wording of the statute, the 2-year period would have commenced running on April 11, 1973, the date plaintiff knew of the death, and the present action would be barred. We cannot read into section 21.1 an extra extension of time for plaintiff to bring suit following death when it is not clearly provided for by the statute.

■■■ We next turn to section 17 of the Limitations Act, the provision on which the circuit court relied to save plaintiff's action. It reads:

"A defendant may plead a set-off or counter claim barred by the statute of limitation, while held and owned by him, to any action, the cause of which was owned by the plaintiff or person under whom he claims, before such set-off or counter claim was so barred, and not otherwise: Provided, this section shall not affect the right of a bona fide assignee of a negotiable instrument assigned before due." (Ill. Rev. Stat. 1975, ch. 83, par. 18.)

Even if, contrary to the hospital's contention, section 17 applies to death actions arising from medical malpractice, this still does not rescue plaintiff's action. The reason is that the counterclaim in the collection suit alleged only that the collection suit was wrongfully brought; it in no way can be construed as a medical malpractice action for wrongful death. In fact, the counterplaintiff in the collection suit, Joseph Greenock, is not even a party to the malpractice action. The medical malpractice action was filed as an independent suit after the limitations period had run. The filing in one lawsuit of a counterclaim which is unrelated to the allegations in a later, independent lawsuit does not under section 17 toll the running of the statute of limitations on the later lawsuit.

In another attempt to salvage his cause of action, plaintiff turns to section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)) which permits amended pleadings to relate back to the date of filing a complaint in order to satisfy the statute of limitations. Section 46(2) has been held to apply to wrongful death actions. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64; *Pleasant v. Certified Grocers of Illinois, Inc.* (1976), 39 Ill. App. 3d 83, 85-86, 350 N.E.2d 65.) Plaintiff claims that by filing the death action he substituted that action for the counterclaim filed on August 5, 1974, in the collection suit and, in effect, amended the pleadings therein. Thus the wrongful death pleading was within the 2-year limitations period because it related back to the date the counterclaim was filed.

■■■ For section 46(2) to apply, the later pleading must arise out of the same transaction or occurrence as set forth in the original pleadings. This

has been interpreted in *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 246-47, 289 N.E.2d 481, to mean:

"The right to amend and the relation back of an amendment * * * depend on whether the original complaint furnishes to the defendant all of the information necessary to prepare its defense to the claim subsequently asserted in the amended complaint. [Citation.] The requirement that a cause of action be stated at the outset with precise accuracy has been shifted to a test of the identity of the transaction or occurrence, on the rationale that the defendant has not been prejudiced as long as his attention has been directed to the facts which form the basis of the claim within the prescribed time. [Citation.]"

Section 46(2) permits a party to modify his pleadings only to add a claim related to the original pleadings. (*Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 495, 207 N.E.2d 440.) The counterclaim in the collection suit does not even hint at an action for medical malpractice; it fails to direct the hospital's attention in any way to the facts forming the basis of the wrongful death action. Thus section 46(2) does not justify relating the wrongful death action filed by plaintiff back to the date the counterclaim was filed.

Finally, plaintiff turns for assistance to the provisions of section 22 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 23), which toll the running of the limitations period during the time a cause of action is fraudulently concealed by a defendant. Plaintiff filed an affidavit in the circuit court alleging in substance that after the operation the hospital misrepresented the condition of plaintiff's decedent to the plaintiff. The hospital responds that section 22 of the Limitations Act is not applicable to a wrongful death action, that the plaintiff's affidavit failed to allege affirmative acts of concealment by the hospital and that section 22 is not relevant to this action because by ordinary diligence plaintiff might have discovered the alleged misrepresentation.

■■ Because we agree that section 22 does not apply where the party affected by the fraud might, with ordinary diligence, have discovered it (*Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 272 N.E.2d 53; *Bush v. Continental Casualty Co.* (1969), 116 Ill. App. 2d 94, 253 N.E.2d 619), it is unnecessary to consider the hospital's other contentions with respect to the applicability of that section. As stated in *Solt*:

"If a party discovers, *or could by the exercise of reasonable diligence discover, that purported representations are false*, at a time when a reasonable period remains within the applicable statute of limitations, then ch. 83, par. 23 will not apply, and the defendant will not be estopped from asserting the statute of limitations as a defense. [Citations.] In these circumstances,

reliance can no longer be placed upon the alleged misrepresentation." (Emphasis added.)

Plaintiff concedes that from the filing of the counterclaim, the hospital records which revealed the true condition of plaintiff's decedent after the operation could have been obtained and examined. Thus, plaintiff admits at the very least that he had the last 8 months of the limitations period to discover that the purported misrepresentations were false and to file suit. However, plaintiff waited over 2 years from this date to commence the action.

Further, nothing in plaintiff's affidavit demonstrates why plaintiff could not, at any time during the 2 years immediately following the death, with the exercise of reasonable diligence have obtained the hospital records and discovered the true situation. Plaintiff contends in this court that the hospital records were not available until the collection suit was filed. But, plaintiff's affidavit does not allege any refusal by the hospital to tender the records or that the records were otherwise unobtainable. There is no indication anywhere in the record that plaintiff could not have obtained the records at an earlier date merely by asking for them. In the absence of such allegations, the circuit court correctly held that plaintiff did not state a *prima facie* case of fraudulent concealment.

For the reasons stated above with respect to the application of section 17 of the Limitations Act to the plaintiff's action and the lack of any other appropriate provision excusing the late filing of this action, the circuit court's order denying the hospital's motion to dismiss is reversed.

Judgment reversed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.