CHARLES EVANS, Plaintiff-Appellant, *v.* DR. DAVID BACHMAN *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-1511

Opinion filed November 26, 1979.

Goldberg & Goldberg, and Larry D. Drury, both of Chicago (Lawrence Jay Weiner and Russell H. Boothe, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John G. Langhenry, Jr., Stanley J. Davidson, and E. Michael Kelly, of counsel), for appellee Northwestern Memorial Hospital.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Charles Evans (plaintiff) brought a medical malpractice action against Dr. David Bachman and Northwestern Memorial Hospital (defendant). The trial court dismissed defendant hospital from the suit, denied plaintiff's petition to vacate the dismissal and denied plaintiff leave to file his third amended complaint. Plaintiff appeals from these orders.

On October 14, 1976, plaintiff filed his complaint naming Dr. Bachman as the sole defendant. The complaint alleged the doctor had committed several negligent acts in connection with the diagnosis, treatment, surgery and postoperative care of plaintiff's fractured ankle. The complaint alleged "the first time Plaintiff had reasonable grounds to believe or learned of any possible negligence or malpractice having taken place as the result of the wrongful acts and omissions of the Defendant, was on or about August, 1976." The complaint named defendant as a respondent in discovery. Ill. Rev. Stat. 1977, ch. 110, par. 21.1.

On April 1, 1977, plaintiff filed an amended complaint which named defendant as a party in count II. The amended complaint alleged defendant had been negligent in care and treatment of plaintiff in connection with surgery on October 17, 1974. The amended complaint did not contain any additional statement concerning when defendant's alleged negligence was discovered.

On April 18, 1977, defendant filed a motion to dismiss both as a "Respondent in Discovery" and as a "Direct Party Defendant." The motion asserted the unconstitutionality of the respondent in discovery statute pursuant to a finding of the circuit court. Additionally, the motion stated that according to the amended complaint the allegedly negligent acts of defendant were committed during plaintiff's hospitalization from October 17, 1974, to November 7, 1974. Accordingly, as defendant was first joined by the amended complaint filed on April 1, 1977, the motion averred the plaintiff's action was barred by the two-year statute of limitations. Defendant raised these same issues in an amended motion to dismiss the amended complaint.

On January 5, 1978, plaintiff filed a memorandum in opposition to defendant's motion to dismiss. In the memorandum, plaintiff stated: "The defendant has based its motion on the fact that it had originally been named as a Respondent in Discovery and that Plaintiff has attempted to avoid the Statute of Limitations by relying upon the Respondents in Discovery provisions of the Civil Practice Act. This is not the case. Plaintiff relies upon the discovery rule and maintains he had no knowledge of the injury until August, 1976."

On March 22, 1978, plaintiff filed a second amended complaint. Counts II and IV pertain to the alleged liability of defendant. Plaintiff alleged in count IV that at no time "from October 18, 1974 until August, 1976, did any treating physician or treating nurse directly communicate with the Plaintiff and explain material medical facts of his condition * * *." Count IV further alleged defendant "fraudulently concealed from the Plaintiff all material facts giving rise to his then existing medical condition * * *." Plaintiff concluded he came "within the statutory exception to the statutory limits period and meets the requirements of the fraudulent concealment exception to the tolling of the statute of limitations."

On April 24, 1978, the trial court granted defendant's motion and dismissed defendant from the action. The court's judgment order held plaintiff did not rely upon the respondent in discovery statute and the allegations of plaintiff's complaint were insufficient to raise the discovery rule and plaintiff had failed properly to plead fraudulent concealment.

On May 8, 1978, plaintiff filed a petition to vacate the order of dismissal and for leave to amend the second amended complaint. This motion was denied on June 8, 1978. On that date, plaintiff tendered a third amended complaint to the court. Counts II, IV and VI of the third amended complaint contain allegations against defendant. This third amended complaint does not differ greatly from its predecessors. It alleged that, because of fraudulent concealment by defendant, plaintiff "neither knew or could have known of his true medical condition and injury and the facts supporting his cause of action until on or about August, 1976 * * *." The trial court denied plaintiff's request for leave to file the third amended complaint and denied plaintiff's petition to vacate dismissal of defendant.

In this court, plaintiff contends the trial court erred in dismissing defendant from the action and abused its discretion in denying plaintiff's request for leave to file a third amended complaint. Plaintiff also contends the allegations in the second and third amended complaints were legally sufficient to invoke the discovery rule and fraudulent-concealment exceptions to the statute of limitations.

## I.

Plaintiff first contends his suit was timely brought by virtue of the discovery rule. The applicable statute of limitations for medical malpractice concerning actions against physicians and hospitals (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), provides no such actions shall be brought more "than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury * * *." In plaintiff's amended complaint and second amended complaint against defendant, plaintiff alleged his hospitalization and surgery occurred on or about October 17, 1974. Defendant was made a party on April 1, 1977. Thus, the statute of limitations bars plaintiff's action against defendant for expiration of the two-year period unless an exception is applicable under the discovery rule or because of fraudulent concealment.

The discovery rule, as stated in the above statute, has been affirmatively established in Illinois law under a number of decisions of the highest court of this State. (See the cases collected in *Auster v. Keck* (1976), 63 Ill. 2d 485, 487, 349 N.E.2d 20.) However, in the instant case the problem arises from the fact that under the allegations of plaintiff's pleadings it is affirmatively and strongly established that during August 1976 plaintiff became aware and was placed upon notice of his medical affliction and that this condition was allegedly wrongfully caused by the defendant. The two-year statute did not run until October 1976. Thus plaintiff was completely informed of his alleged injury and of defendant's alleged culpability some two or perhaps three months before expiration of the basic two-year limitation period.

■■ In this regard it is the settled law of Illinois that where a plaintiff has learned of his injury within two years of its occurrence, the discovery rule is not applicable to extend the time for bringing an action. In *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 128, 376 N.E.2d 273, the court held:

> "The discovery rule is the exception to the traditional rules, to be applied only when the discovery occurs after the statute of limitations has run or when discovery occurs at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual."

■ In the instant action, plaintiff discovered his injury in August 1976, a minimum of two months prior to the running of the statute. Plaintiff had already initiated an action based on his injury against Dr. Bachman. He was, accordingly, represented by counsel. We do not find, therefore, that the discovery occurred "at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual." *Dolce*, 60 Ill. App. 3d 124, 128; see also *Tomes v. Chrysler Corp.*

(1978), 60 Ill. App. 3d 707, 710, 377 N.E.2d 224, *appeal denied* (1978), 71 Ill. 2d 616.

Plaintiff cites our opinion in *Kristina v. St. James Hospital* (1978), 63 Ill. App. 3d 810, 380 N.E.2d 816, *appeal denied* (1978), 71 Ill. 2d 618, in support of his position. In *Kristina*, we cited *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 375 N.E.2d 934, and concluded that the statute of limitations commences to run under the discovery rule when the injured party discovers, or should reasonably have discovered, not only the nature of the affliction but also that it was wrongfully caused. Applying this rule to the instant case, we are obliged to conclude from plaintiff's pleadings that plaintiff discovered not only the nature of his affliction but also that it was allegedly wrongfully caused before the passage of the two-year period immediately following the alleged wrongdoing by the defendant. In our opinion, the trial court properly dismissed plaintiff's suit upon consideration of the discovery rule.

## II.

Plaintiff contends this action falls within the fraudulent concealment exception to the statute of limitations set forth in section 22 of the Limitations Act. This section (Ill. Rev. Stat. 1977, ch. 83, par. 23) provides:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action * * *."

We need not consider the criticism of plaintiff's pleadings properly raised by defendant based on repeated use of pure conclusions such as "fraudulently concealed" instead of factual allegations. See *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1037, 365 N.E.2d 1191.

We find that the fraudulent concealment statute is not applicable to the instant action for essentially the same reason that the discovery rule is inapplicable. In *Anderson v. Wagner* (Docket Nos. 50880, 50980, 50981, Sept. Term 1979), ___ Ill. 2d ___, ___ N.E.2d ___, the supreme court held:

> "If at the time the plaintiff discovers the 'fraudulent concealment' a reasonable time remains within the applicable statute of limitations, section 22 of the Limitations Act does not toll the running of the limitation period."

The supreme court cited *Skrodzki v. Sherman State Bank* (1932), 348 Ill. 403, 407-09, 181 N.E. 325, and *Solt v. McDowell* (1971), 132 Ill. App. 2d 864, 867, 272 N.E.2d 53. Another pertinent authority on this point is *Greenock v. Rush Presbyterian St. Luke's Medical Center* (1978), 65 Ill. App. 3d 266, 271, 382 N.E.2d 321, *appeal denied* (1979), 72 Ill. 2d 582.

██ In the instant action, as above shown, plaintiff discovered his injury and the alleged cause thereof at least two months prior to the running of the statute of limitations. The relief afforded by the fraudulent concealment statute is not available here.

## III.

Plaintiff next contends the respondent in discovery statute (Ill. Rev. Stat. 1977, ch. 110, par. 21.1), is applicable to the instant action. The statute provides that "[a] person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after he is named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him may have expired during such 6 month period."

Plaintiff stated in his memorandum in opposition to the motion to dismiss that he did "NOT SEEK TO AVOID THE APPLICABILITY OF THE STATUTE OF LIMITATIONS BY ALLEGING THAT NORTHWESTERN MEMORIAL HOSPITAL, FORMERLY A RESPONDENT IN DISCOVERY WAS ADDED AS A DEFENDANT BEFORE THE EXPIRATION OF SIX MONTHS." Defendant therefore urges that the argument regarding the applicability of the respondent in discovery statute raised for the first time in this court is not available to plaintiff. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) However, we need not reach that issue or the issue of the constitutionality of the statute raised by the defendant. The respondent in discovery statute "is available only against individuals" and is, therefore, inapplicable to the instant action. Ill. Ann. Stat., ch. 110, par. 21.1, Supplement to Historical and Practice Notes, at 68 (Smith-Hurd Supp. 1979).

## IV.

Finally, plaintiff contends the trial court abused its discretion by refusing to allow him to file a third amended complaint. An order had been entered dismissing defendant from the action and plaintiff's motion to vacate the dismissal had been denied prior to the time plaintiff's third amended complaint was tendered to the trial court. Plaintiff had no unconditional right to amend his pleadings after final judgment for any purpose other than to conform the pleadings to the proof. Ill. Rev. Stat. 1977, ch. 110, par. 46(1), (3); *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 8, 373 N.E.2d 1326.

We will add that upon examination of the proposed third amended complaint we find no allegations which could affect the legal result above reached. In our opinion, the trial court did not abuse its discretion by refusing to allow plaintiff to file the third amended complaint.

For the reasons above stated, the judgment appealed from is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.