JAMES P. WALSH, Plaintiff-Appellant, *v.* SWEDISH COVENANT HOSPITAL *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-1977

Opinion filed July 2, 1981.

---

Reese & Schaffner, of Chicago (William J. Harte, Ltd., of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

James P. Walsh filed a complaint sounding in medical malpractice against Dr. Ali N. Shariatzadeh and other defendants who are not part of this appeal. The complaint alleged that on September 19, 1976, Walsh came under the professional care of Shariatzadeh and the other defendants. At an unspecified date after that his leg was amputated because of the alleged malpractice of all of the defendants. The complaint alleges that on approximately October 1, 1977, slightly less than 13 months after the occurrence, he was "able to obtain information which allowed him to discover the malpractice" of Shariatzadeh. Although he had filed complaints against the other defendants on February 15, 1978, and September 15, 1978, he did not add Shariatzadeh as a defendant until December 28, 1978, slightly more than two years and three months after he came under Shariatzadeh's care. The complaint against Shariatzadeh was dismissed as barred by the statute of limitations. The significance of this appeal centers around the fact that Walsh admits he knew of the alleged malpractice of Shariatzadeh within the two year limitations period, yet failed to file his complaint against Shariatzadeh until more than two years after he came under his care.

■■ Preliminarily, it must be determined which section of the Limitations Act applies (Ill. Rev. Stat. 1979, ch. 83, par. 1 *et seq.*). Section 14 governs actions for personal injuries and provides that they must be "commenced

within two years next after the *cause of action accrued* * * *". (Ill. Rev. Stat. 1979, ch. 83, par. 15.) (Emphasis added.) Section 21.1 provides that "[n]o action for damages for injury or death against any physician or hospital * * * shall be brought more than 2 years after the date on which the *claimant knew, or through the use of reasonable diligence should have known,* * * * *of the existence of the injury* * * * but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged * * * to have been the cause of such injury * * *." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 83, par. 22.1.) We believe the latter statute applies since it is directed specifically to actions against physicians. See *Witherell v. Weimer* (1981), 85 Ill. 2d 146.

Shariatzadeh relies on the cases of *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, and *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 398 N.E.2d 114, for the proposition that the discovery rule in statute of limitations cases, which delays the "accrual" of the cause of action, does not apply because the plaintiff learned of the alleged malpractice within the applicable limitations period. We believe that *Dolce* is distinguishable for reasons which will be set forth later. *Evans* is in direct conflict with another opinion of this court, *Kaufman v. Taub* (1980), 87 Ill. App. 3d 134, 410 N.E.2d 114.

Neither section 14 of the Limitations Act, which governs personal injury actions, nor similarly worded section 15, which governs all other civil actions not otherwise provided for, including legal malpractice actions, contains any provision for or reference to discovery. The Illinois Supreme Court in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656, imposed a discovery rule when it judicially construed the words "cause of action accrued" to mean that the limitations period was initiated when the plaintiff learned of the surveyor's error or should have learned of it. In *Rozny*, the limitations period was five years and the faulty survey was discovered well beyond that five-year period. In *Dolce* and *Evans* the injuries were discovered sometime after the malpractice but within the periods of limitations of those statutes as measured from the date that the malpractice took place. As in the present case, however, suits were not initiated until after the traditional statute of limitations period had expired although they were filed within two years and five years respectively of the discovery of the injury. The courts in dismissing the actions reasoned that since the traditional statute of limitations had not run there was no need to impose the judicially construed discovery rule on the statute of limitations.

Section 21.1, however, is significantly different from sections 14 and 15. Under sections 14 and 15 the plaintiff must file his action within two or five years respectively from the time the "cause of action accrued."

Section 21.1 does not measure the limitations period from the time the action "accrued." Rather, it provides that an action shall be brought not more than two years "after the date on which the complainant knew or through the reasonable use of diligence should have known" of the existence of the injury. The statute of limitations under section 21.1 does not need any judicial construction or justification to interpose a discovery provision into it. The discovery rule is assumed in the statute. Section 21.1 clearly states that a plaintiff has two years from the time he knew or should have known of the existence of the injury. *Dolce* was decided under section 15 and for this reason we believe it is distinguishable.

■■ Applying the law as we see it to the facts alleged in the complaint, we believe the matter must be reversed. On remand the trier of fact must determine under the wording of the statute when the plaintiff knew or should have known of his injury. The statute of limitations will begin to run on that date. As the *Witherell* court pointed out most of the time this is a disputed question of fact to be resolved by the trier of fact. However, in *Witherell* only one conclusion could have been reached and it was decided by the court as a matter of law. Comment should also be made for purposes of remand that the plaintiff alleges that on October 1, 1977, he was first able to obtain information which allowed him to discover the malpractice of this particular defendant, Shariatzadeh. We do not believe that there is any legal significance in the plaintiff's knowledge as to the identify of the specific defendant. The question is when the plaintiff knew or reasonably should have known of the existence of his injury. Once he knows of the existence of his injury it is incumbent upon him to inquire as to the true nature of the situation. *Witherell*, 85 Ill. 2d 146, 156.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.