EVELYN COLEMAN, Ex'r of the Estate of Ida McCarty, Deceased, Plaintiff-Appellant, *v.* HINSDALE EMERGENCY MEDICAL CORPORATION *et al.,* Defendants-Appellees.

Second District   No. 81—943

Opinion filed August 4, 1982.

Anthony F. Mannina, of Marco and Mannina, of Downers Grove, for appellant.

Stanley J. Davidson, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, Alan M. Mullins, of Thomas, Wallace, Feehan and Baron,

Ltd., of Joliet, and O'Reilly and Cunningham, of Wheaton, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The plaintiff appeals from an order dismissing her three-count, medical malpractice complaint on the ground that it was barred by the statute of limitations. Ill. Rev. Stat. 1979, ch. 83, pars. 15 and 22.1.

The plaintiff, Evelyn Coleman, as executor of the estate of Ida McCarty, filed an action on August 26, 1980, against the Hinsdale Sanitarium and Hospital. In her complaint she alleged that the negligent treatment of Ida McCarty by the defendant resulted in Ida McCarty's death on May 18, 1978. The complaint also alleged that the plaintiff did not learn and could not have learned with reasonable diligence of defendant's negligent actions until January 16, 1979. Finally, the plaintiff alleges that the action is brought under the authority of section 21.1 of "An Act in regard to limitations" (Ill. Rev. Stat. 1979, ch. 83, par. 22.1) (hereinafter referred to as the Limitations Act).

On January 12, 1981, plaintiff was granted leave to file an amended complaint. In this complaint, she joined the following defendants: Hinsdale Emergency Medical Corporation, Zednek Durek, DeWayne Butcher, Oldrich Prec, and R. S. Callaghan. The amended complaint alleged that all of the defendants had given negligent medical treatment to plaintiff's decedent. It further alleged that the action was brought pursuant to section 21.1 of the Limitations Act and that plaintiff did not learn, nor could she have learned with reasonable diligence, of the defendants' negligence prior to Janaury 16, 1979. All of the defendants filed motions to dismiss plaintiff's amended complaint on the ground that the complaint was barred by the statute of limitations. All of the motions to dismiss seem to allege that because plaintiff discovered the alleged negligence of the defendants prior to the running of the two-year statute of limitations for personal injury actions contained in section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15), she could not invoke the discovery rule contained in section 21.1 to extend the time period in which to file her action.

On September 28, 1981, the trial court issued a memorandum of decision in which he dismissed plaintiff's complaint against all defendants on the ground that section 21.1 was not applicable because plaintiff had discovered or was notified of the alleged negligence causing the injury several months prior to the running of the two-year statute of limitations set out in section 14. On October 30, 1981, the trial court entered an order dismissing the complaint as to all defendants. Notice of appeal was filed on Monday, November 30, 1981.

The principle issue raised on appeal is whether the plaintiff, who discovered the possibility of the wrongful causation of the decedent's death within the initial two-year period allowed by section 14 of the Limitations Act, may invoke the discovery rule of section 21.1 of the Limitations Act to extend the period of time in which to file her action. While this was the sole issue raised in the defendant's motions to dismiss and the sole issue considered by the trial court, the defendant Hinsdale Sanitarium and Hospital raises several other grounds for justifying the dismissal of the complaint. These issues include: (1) whether the requirement of section 2(c) of the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2(c)) that a wrongful death action be filed within two years of death is a condition precedent to bringing suit and is unaffected by any discovery rule; (2) whether the language of section 21.1 limits the filing period of two years after the discovery of death; and (3) whether the facts as pleaded in plaintiff's complaint properly invoke the discovery rule as set out in section 21.1.

These three issues were not before the trial court when it ruled on the motion. Ordinarily, an issue not presented to the trial court cannot be raised for the first time on appeal; however, a corollary to this rule permits an appellee to defend a judgment on review by raising an issue not previously ruled upon by the trial court if the necessary factual basis for the determination of such point is contained in the record, and the points argued on appeal are commensurate with the issues presented to the trial court. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.) We will, therefore, review the additional issues raised by Hinsdale Sanitarium and Hospital.

The defendants first contend that this suit is a wrongful death action and as such it is to be governed by section 2(c) of the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2(c)), which provides that every death action shall be commenced within two years after the death of such person. The defendants argue that "Illinois courts consistently have held that the right of action for wrongful death is wholly statutory and that the provision in the statute creating the right that requires the action to be brought within the specified time is a condition attached to the right to sue and is not merely a statute of limitations." (*Country Mutual Insurance Co. v. National Bank* (1969), 109 Ill. App. 2d 133, 139.) The defendants further assert that the statute alone is the source of the right to sue, and therefore should be strictly construed. (*Wilson v. Tromly* (1949), 404 Ill. 307, 310.) The defendants conclude because the plaintiff failed to file the suit within two years of decedent's death, the plaintiff lost her right to sue.

The strict application of the two-year limitation on wrongful death

action espoused in *Wilson v. Tromly* has lessened. In *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 73, the supreme court characterized this strict application of the act as a "much criticized concept stemming from questionable antecedents" and held that the two-year limitation period on a wrongful death action does not begin to run against minors until they reach majority. In *Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330, the plaintiff's decedents had been missing since March 1969 when they left for the Bahamas in one of the defendant's aircrafts. Two years and eight months later the actual wreckage was discovered. The court held that the two-year limitation period did not begin to run until after the plaintiff had actually discovered the deaths and the wreckge of the aircraft. Finally, in *Kenney v. Churchill Truck Lines, Inc.* (1972), 6 Ill. App. 3d 983, the statutory period was tolled during the period of military service.

In addition to *Praznik*, two other cases could be found in which the court discussed the application of the discovery rule in wrongful death cases: *Fure v. Sherman Hospital* (1978), 64 Ill. App. 3d 259, and *In re Johns-Manville Asbestosis Cases* (N.D. Ill. 1981), 511 F.Supp. 1235.

In *Fure v. Sherman Hospital,* this court addressed the precise issue raised by the defendants. In that case, the plaintiff's decedent, Duane Fure, became suddenly ill and was admitted to defendant hospital on January 13, 1973. After receiving treatment from the defendants, Mr. Fure's condition worsened, and he expired on January 15, 1973. The plaintiff, Lynda Fure, alleged that she discovered that her husband's death was caused by erroneous diagnosis and negligent treatment in the fall of 1975. Shortly thereafter, in November of 1975, almost three years after her husband's death, she filed suit. The trial court dismissed her complaint on the ground that it was not brought within two years of the date of the death as required by section 2(c) of the Wrongful Death Act.

On appeal this court reversed the trial court's dismissal. This court recognized that historically the two-year limitation for bringing an action under the Wrongful Death Act has been regarded as a condition precedent which is not to be modified or affected by the general statute of limitations. (64 Ill. App. 3d 259, 264.) The court then noted that the legislature can change and, on occasion, has changed the wrongful death statute and that the two-year period for bringing the suit is not beyond judicial construction. (64 Ill. App. 3d 259, 267.) After an in-depth review of cases that have allowed a tolling of the two-year period (*i.e., Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58; *Praznik v. Sport Aero, Inc.* (1976), 42 Ill. App. 3d 330; *Kenney v. Churchill Truck Lines, Inc.* (1972), 6 Ill. App. 3d 983), as well as,

treatises and articles on the wrongful death statute, this court stated that "there should be no barrier to the application of the 'discovery' rule based on the ultimate tragedy of death where the circumstances of the death would have permitted an extension of the time limitation for the mere wounding or injury of the person." (64 Ill. App. 3d 259, 270.) This court concluded that the fact of death does not foreclose the use of the discovery doctrine.

Similarly, in *In re Johns-Manville Asbestosis Cases* (N.D. Ill. 1981), 511 F. Supp. 1235, the Federal district court held that the language in both *Wilbon* and *Praznik*, indicated that the discovery rule might well be applied in a wrongful death action. The court found the lengthy discussion in *Fure* to be persuasive and more direct authority to that effect. The court also noted that the Illinois Supreme Court's analysis in *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, seems to support extension of the discovery rule to wrongful death claims in asbestosis litigation. The court then concluded that because it is highly likely that both the Illinois Supreme Court and the Illinois Appellate Court would apply the common law discovery rule to a plaintiff's claim brought under the Wrongful Death Act, they would apply the rule to the asbestosis cases involving wrongful death. 511 F. Supp. 1235, 1239.

■ After examining these and other cases, we also conclude that the discovery rule of section 21.1 of the Limitations Act should be applicable in an action brought under the Wrongful Death Act.

The defendant, Hinsdale Sanitarium and Hospital, next contends that the language of section 21.1 extends the time to file only until two years after the discovery of death and that plaintiff filed her claim more than two years after the date of death. Section 21.1 provides:

> "No action for damages for injury or death against any physician or hospital *** arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury or death for which damages are sought ***." (Ill. Rev. Stat. 1979, ch. 83, par. 22.1.)

The defendant, citing *Greenock v. Rush Presbyterian St. Luke's Medical Center* (1978), 65 Ill. App. 3d 266, contends that section 21.1 clearly and without exception states that no action for death can be brought more than two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the death.

In *Greenock,* the plaintiff's decedent expired on April 11, 1973, and suit was filed on November 1, 1976. The trial court dismissed the

complaint on the ground that it was filed beyond the two-year limitations period of the Wrongful Death Act. The plaintiff appealed contending that the discovery rule of section 21.1 extended the time to file until two years after he discovered that the death was wrongfully caused. The appellate court affirmed the dismissal, stating that under section 21.1 the claim was barred because Greenock filed suit more than two years after the discovery of the death. The court held that under the plain language of section 21.1 the event which commences the running of the statute is the claimant's knowledge of the death and not the claimant's knowledge of the wrongful causation of the death.

In *Fure v. Sherman Hospital* (1978), 64 Ill. App. 3d 259, however, this court went beyond the plain language of the statute and reached a different conclusion. Citing *Roper v. Markle* (1978), 59 Ill. App. 3d 706, the *Fure* court stated that section 21.1 cannot be read in a vacuum. (64 Ill. App. 3d 259, 266.) After discussing the holding in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, the case which first applied the discovery rule to medical malpractice, the *Fure* court determined that the statute begins running not when a certain physical condition is known (*i.e.,* injury or death), but when the plaintiff is aware of its wrongful causation. 64 Ill. App. 3d 259, 266; see also *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 713.

*Greenock* and *Fure* are the only Illinois cases which apply the section 21.1 limitations provisions in a wrongful death case. These two cases approach section 21.1 differently and reach different conclusions as to what event starts the running of the section 21.1 two-year limitations period. In determining whether to follow *Greenock* or *Fure*, it is helpful to examine the approach and conclusion of the cases not involving wrongful death which discuss the event which triggers the running of the two-year period under section 21.1. Of these cases, the earlier cases (*i.e., Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933), seem to approach section 21.1 in the same manner as *Greenock.* Using a literal, plain-language interpretation of section 21.1, the courts in those cases held that the cause of action accrued as soon as the plaintiff knew of the injury, and not when the plaintiff learned or should have learned that the injury may be actionable.

However, later cases (*i.e., Kaufman v. Taub* (1980), 87 Ill. App. 3d 134; *Roper v. Markle* (1978), 59 Ill. App. 3d 706) have adopted an interpretation of section 21.1 which requires discovery not only of the injury, but also of its wrongful causation in order to trigger the running of the limitations period.

Recently, in *Witherell v. Weimer* (1981), 85 Ill. 2d 146, the Illinois Supreme Court interpreted the language of section 21.1. In

*Witherell* the supreme court held that under section 21.1 the "statute starts to run when a person knows or reasonably should know of his injury and *also knows or reasonably should know that it was wrongfully caused.*" (Emphasis added.) (85 Ill. 2d 145, 156.) Because of the broad interpretation of the statutory language of section 21.1 with regard to the discovery of injury and wrongful causation, we continue to follow the *Fure* interpretation of section 21.1 which requires discovery not only of the death but also of its wrongful causation.

■ Hinsdale next contends on appeal that the plaintiff failed to plead sufficient facts to invoke section 21.1. Prior to the court's dismissal of the complaint pursuant to section 48, the defendants failed to raise any issue concerning the sufficiency of the allegations. While, under *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, a reviewing court may affirm a judgment on any basis appearing in the record, even if the ground was not ruled upon by the trial court, "to do so on the basis of a correctable pleading defect would be unfair." (*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 533.) Therefore, any deficiency in the allegations of the dismissed pleading is considered waived. (*Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1973), 16 Ill. App. 3d 638, 642, *reversed on other grounds* (1975), 61 Ill. 2d 6.) We hold that this issue has been waived.

Turning to the principal issue on appeal, we next consider whether a plaintiff can successfully invoke the discovery rule of section 21.1 if the plaintiff learns of the death and the possibility of wrongful causation within the initial statutory period as allowed by section 14 of the Limitations Act.

When granting the motion to dismiss, the trial court in this case followed *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107. (See also *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124.) In *Evans* the court stated that "where a plaintiff has learned of his injury within two years of its occurrence, the discovery rule is not applicable to extend the time for bringing an action." (78 Ill. App. 3d 1107, 1110.) The *Evans* court, citing *Dolce,* further stated that the discovery rule is the exception to the traditional rule and is to be applied only when the discovery occurs after the original statute of limitations has run, or when the discovery occurs at a time so near the running of the original statute that for all practical reasons the case has been barred before a party has learned of the accrual. 78 Ill. App. 3d 1107, 1110; compare *E. J. Korvette v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905.

The *Evans* court placed considerable reliance on *Dolce.* We note, however, that *Dolce* was not interpreting the language of section 21.1, but rather interpreting the common law discovery rule. In reaching

its conclusion, the *Evans* court did not consider the effect that the enactment of section 21.1 might have on *Dolce,* even though this section was in effect at the time *Evans* was decided.

Several recent cases, which do interpret and apply the language of section 21.1, have declined to follow the *Evans* holding. *Sharpe v. Jackson Park Hospital* (1981), 99 Ill. App. 3d 874, *appeal allowed* (1982), 88 Ill. 2d 555; *Walsh v. Swedish Covenant Hospital* (1981), 97 Ill. App. 3d 1147; *Kaufman v. Taub* (1980), 87 Ill. App. 3d 134.

In *Sharpe, Walsh* and *Kaufman,* as in the case at bar, the plaintiff discovered the wrongful causation after the allegedly negligent act but prior to the running of the section 14 statute of limitations. In all three cases, the defendants filed a motion to dismiss based on *Evans* and *Dolce.* The trial courts dismissed the complaints and were reversed on appeal.

These cases held that section 21.1 creates its own statute of limitations which assumes a discovery rule. (*Walsh v. Swedish Covenant Hospital* (1981), 97 Ill. App. 3d 1147, 1149-50.) The *Walsh* court distinguished *Dolce* by noting that under section 14, the plaintiff must file his action within two years from the time the" 'cause of action accrued,' " whereas under section 21.1 the limitations period is not measured from the time the action " 'accrued.' " The court held that the language of section 21.1 assumes a discovery rule and gives plaintiff two years from the time the plaintiff knew or should have known of the injury and its wrongful causation to file his action. (97 Ill. App. 3d 1147, 1150.) Similarly, in *Kaufman v. Taub,* the court stated that to "construe the two-year period as similarly running from the date of injury unless the harm is discovered outside the two-year period would controvert *** the explicit discovery rule contained in the statute ***." 87 Ill. App. 3d 134, 140.

Although the supreme court has not yet spoken on this issue, in several recent cases, *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, and *Witherell v. Weimer* (1981), 85 Ill. 2d 146, the court has discussed the application of both the common law and the section 21.1 discovery rule. In all of those cases, the court discussed the discovery rule not so much as an extension of period of time to file, but rather as a rule which determines when the statute should begin to run. In *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, the court stated that the "effect of the discovery rule is to postpone the starting of the period of limitations until the injured party knows or should have known of his injury."

Similarly, in *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 154-55, the court characterizes the discovery as the "triggering" of the statute of

limitations. This approach to the discovery rule favors the holdings in *Walsh, Kaufman* and *Sharpe*.

Moreover, in *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, the supreme court further stated that "when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed." (See also *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.) Both *Nolan* and *Witherell,* recognize that before filing a suit, the plaintiff has a duty to investigate the defendant's behavior to determine if it amounts to an actionable wrong. The holdings in *Kaufman, Sharpe* and *Walsh* would give a plaintiff two years from the date of discovery to investigate whether the wrongful causation was actionable. The holding in *Evans,* however, would give plaintiff only the remainder of the two years under section 14 of the statute of limitations.

We also note that in several other appellate cases in which dates of the discovery, the occurrence, and the filing were in the same sequence as in the case at bar, the court applied the section 21.1 statute of limitations, and yet this issue was not raised by the parties or by the courts. *E.g., Bebee v. Fields* (1979), 79 Ill. App. 3d 1009; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929; *Martinez v. Rosenzweig* (1979), 70 Ill. App. 3d 155.

■ Our analysis of the various statutes of limitations and the case law leads us to conclude that the discovery rule as contained in section 21.1 is applicable in a wrongful death case. Moreover, in a wrongful death case, the plaintiff has two years after the discovery that the death was wrongfully caused in which to file her action, regardless of whether the discovery had occurred prior to the expiration of the traditional two-year period of section 14.

The trial court's order dismissing the amended complaint is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG and REINHARD, JJ., concur.