PAUL F. CUNNINGHAM, Plaintiff-Appellant, *v.* GARRETT HASBARGEN, d/b/a Garrett's Club, Defendant-Appellee—(Carl Edward Simpson, Defendant).

Fourth District   No. 4—83—0382

Opinion filed October 18, 1983.

Laurence W. Grabb and Diane L. Yohnka, both of Ryan, Grabb, Cini & Bennett, of Mattoon, for appellant.

Mark E. Jackson, of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellee.

1020

JUSTICE GREEN delivered the opinion of the court:

The decision in this case depends upon the application of then section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(2)), now section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(b)). This section states in part:

> "The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an *action* may be brought or *right* asserted, if the *time* prescribed or *limited had not expired when the original pleading was filed*, and if it shall *appear from the original and amended pleadings* that the cause of action asserted, or the defense or cross claim interposed in the amended pleading *grew out of the same transaction or occurrence set up in the original pleading* \*\*\*." (Emphasis added.)

On April 20, 1979, plaintiff, Paul F. Cunningham, filed suit in the circuit court of Coles County against defendants, Garrett Hasbargen, d/b/a Garrett's Club, and Carl Edward Simpson, to recover damages for personal injuries resulting from an altercation between plaintiff and defendant Simpson in a tavern operated by Hasbargen in Ashmore in Coles County on April 21, 1978. Count I was against Hasbargen under certain provisions of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135). It charged Hasbargen with selling liquor to Simpson causing his intoxication and alleged plaintiff was injured by Simpson, an intoxicated person. Counts II and III charged Simpson with a civil battery. On April 26, 1982, plaintiff filed a motion for leave to file an amendment to the complaint adding additional counts charging Hasbargen with negligence and wilful and wanton conduct in not protecting plaintiff from Simpson. On May 2, 1983, the circuit court entered an order refusing to reconsider its denial of plaintiff's motion to amend and made a finding pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). Plaintiff appeals.

Plaintiff's motion to amend the complaint was filed more than four years after his cause of action allegedly arose. Thus, the statutory two-year limitation period for bringing actions for personal injuries (Ill. Rev. Stat. 1979, ch. 83, par. 15, now Ill. Rev. Stat. 1981, ch. 110, par. 13—202) had elapsed except to the extent that an "action brought" or a "right asserted" by the additional counts met the criteria of section 46(2). The trial court concluded that the criteria were not met and denied the motion. Plaintiff maintains the provisions of section 46(2) were satisfied and cites various cases where amendment was held to be proper.

The most recent nearly analogous supreme court case is *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64. There, a widow had filed suit for the death of her husband charging the defendants who were a building owner, a building manager, and a manager's employee with wilful violations of the Structural Work Act (Ill. Rev. Stat. 1965, ch. 48, par. 60 *et seq.*) which allegedly caused her husband's death when he fell from a high building while washing windows. A denial by the trial court to allow her, in her capacity as administrator, to file amended counts for wrongful death (Ill. Rev. Stat. 1965, ch. 70, par. 1) well after the time for bringing such an action had expired was held to be reversible error. In describing the provisions of then section 46(2) of the Civil Practice Act with particular reference to the words "occurrence" and "transaction," the court stated:

> "The aforementioned provisions were designed to insure fairness to the litigants rather than unduly enhance the technical considerations of common-law pleading. \*\*\* [T]he policy attendant to statutes of limitation is to provide defendant a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. \*\*\* In the present case it is readily apparent that the cause of action set forth in the second amended complaint 'grew out of the same transaction or occurrence set up on the original pleading,' which was timely filed. Moreover, in all the pleadings the basis of defendants' liability was the alleged defective nature of the work area utilized by deceased prior to his fall. Thus defendants were informed of circumstances upon which they might predicate a defense." 55 Ill. 2d 121, 124-25, 302 N.E.2d 64, 66.

As in *Halberstadt*, an amendment to an action under the Structural Work Act to include counts charging negligence filed tardily was allowed in *Simmons v. Hendricks* (1965), 32 Ill. 2d 489, 207 N.E.2d 440. Other cases in tort actions where amended counts were held to meet the requirements of then section 46(2) include *Pleasant v. Certified Grocers of Illinois, Inc.* (1976), 39 Ill. App. 3d 83, 350 N.E.2d 65, and *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481. In *O'Leary v. Siegel* (1970), 120 Ill. App. 2d 12, 256 N.E.2d 127, a new count charging negligence was also held to have been properly filed under then section 46(2) in a suit where the original charges were brought under the Structural Work Act. The appellate court noted that in *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540, the supreme court had construed the statutory phrase "same occurrence" to mean

the conduct specified. This analysis places principal focus upon the degree of similarity between the conduct charged of the defendant in the original counts and that charged in the amended counts.

In *Smetzer v. County of La Salle* (1977), 53 Ill. App. 3d 741, 368 N.E.2d 933, relied upon by defendant, the defendant county had originally been charged with negligence in placing a slippery substance on a roadway causing plaintiff's automobile to skid out of control and to collide with another vehicle. After concluding her proof at trial, plaintiff moved for leave to amend her complaint to charge defendants with failure to cut weeds and brush which obscured plaintiff's vision at the intersection where the collision took place. The trial court's denial of the motion on the basis that the statute of limitations had run was held to be proper. The court concluded that the alleged failure on the part of the defendant to cut the weeds concerned a different occurrence than its alleged negligence in placing a slick substance on the road. Although focusing its decision largely on the application of section 46(2), the appellate court noted that a trial court has discretion in ruling upon a motion to amend the complaint made late in trial.

Here, the specific conduct alleged under the Dramshop Act was that (1) Hasbargen operated a tavern and sold liquor to Simpson which made him intoxicated, and (2) plaintiff was injured by Simpson who had thus become intoxicated. The amendment alleged Hasbargen (1) failed to remove Simpson when he became intoxicated, (2) failed to control him, (3) failed to warn patrons of the danger of injury from Simpson, (4) failed to protect patrons from Simpson, and (5) failed to prevent Simpson from entering the tavern. The amendment also alleged that Hasbargen sold liquor to Simpson knowing that he was intoxicated. That was not grounds for recovery because the Dramshop Act is the sole remedy for the sale of intoxicants. *Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657.

In a broad sense, the conduct charged of Hasbargen in count I and in the proposed amendment clearly involved the same occurrence. That occurrence consisted of Simpson entering Hasbargen's place of business, purchasing liquor, becoming intoxicated, and battering plaintiff. In preparing his Dramshop defense, Hasbargen would have investigated the evidence of whether Simpson did each of those things. He would also have investigated for evidence of whether plaintiff was guilty of complicity. This investigation would also have informed him of evidence concerning the factors involved in the proposed amendment. He would not have been put at a disadvantage by the late filing of the amendment.

The emphasis placed by *O'Leary* and *Geneva Construction Co.* upon the similarity of conduct in the existing complaint and the proposed amendment creates the closest question in this case. In *Smetzer*, the originally alleged act of commission in placing a slick substance on the road and the subsequently alleged act of omission in not cutting the weeds involved different periods of time. Here, the allegations of the original complaint concerning Hasbargen's act of commission in selling Simpson liquor and the allegations in the proposed amendment that he committed acts of omission in failing to protect patrons, referred to conduct occurring in a short space of time. In *Halberstadt*, the court deemed significant that the basis of liability in both pleadings was the defective nature of the work area. Here, the basis of liability in both pleadings is the operation of the tavern on the night in question.

██ ▌ The relationship between the conduct involved in a Structural Work Act violation and a common law negligence action is closer than that between the conduct involved in a Dramshop action for a personal injury inflicted by an intoxicated person and a common law negligence action concerning a tavern keeper's failure to protect the injured party from the injury by the intoxicated person. Nevertheless, we conclude that there was enough similarity between the conduct alleged under the circumstances here to bring the proposed amendment within the purview of the former section 46(2) of the Civil Practice Act.

Although the question is close, the trial court should have allowed the amendment and it committed reversible error in refusing to do so. Accordingly, we reverse and remand to the circuit court of Coles County for further proceedings.

Reversed and remanded.

WEBBER, P.J., and MILLER, J., concur.