*In re* ESTATE OF MARY NICHOLS, Deceased (Beatrice Ferguson, Plaintiff-Appellant v. Emily Rose Zeller, Indiv. and as Ex'r of the purported will of Mary Nichols, *et al.*, Defendants-Appellees).

Fourth District   No. 4—89—0178

Opinion filed September 14, 1989.

Barber, Segatto, Hoffee & Hines, of Springfield (Barry O. Hines and Bernard G. Segatto III, of counsel), for appellant.

Bellatti, Fay, Bellatti, Beard & Carpenter, of Jacksonville (Eddie Carpenter, of counsel), for appellees James W. Ferguson and Emily Rose Zeller.

Harry G. Story, of Jacksonville, for appellee Emily Rose Zeller as executor of the will of Mary Nichols.

Brown, Hay & Stephens, of Springfield (Eric L. Grenzebach and Denise M. Druhot, of counsel), for appellees Charles S. Ferguson and Rosemary Fellhauer.

JUSTICE STEIGMANN delivered the opinion of the court:

The primary issue this appeal presents is whether a person who continues her long-term residence in a home which she inherits under a will is estopped from contesting the provisions of that will. We hold she is not.

Mary Nichols (decedent) died on January 6, 1987. In her will she left to Beatrice Ferguson, her daughter and the plaintiff in this case, two tracts of real estate in Jacksonville, Illinois. On one of those tracts, located on Chilton Street (the Chilton residence), was the home in which plaintiff had lived since 1967. During her mother's lifetime, plaintiff never paid any rent on the Chilton residence, nor was there any lease agreement.

Decedent's will was admitted to probate on January 13, 1987. On July 10, 1987, plaintiff filed a petition to contest decedent's will, alleging undue influence (count I), undue influence by a fiduciary (count II), and intentional interference with an expectancy (count III). After a hearing in December 1987, all counts of the petition were dismissed, and plaintiff was given 21 days to amend and to add an additional count IV, alleging breach of contract to make a will. After further hearings, the court dismissed counts I and IV. Count I is not before us on this appeal. The court held that count IV was barred by the statute of limitations and was not saved by the doctrine of "relating back" to the earlier counts. After the court denied defendants' motions to dismiss plaintiff's amended counts II and III, defendants answered those counts. In their answers, they alleged the affirmative defense of election by the plaintiff to accept a benefit under the will,

thereby estopping her from bringing this will contest action. In December 1988, the defendants filed motions for summary judgment which the court granted, finding that the plaintiff's election to accept benefits under the will left no genuine issue as to any material fact on the defendants' affirmative defense. Plaintiff appeals from the order granting summary judgment as to counts II and III and from the order dismissing count IV. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

From February 19, 1987, through July 12, 1987, the plaintiff corresponded with both Harry Story, the attorney for the estate, and the Elliott State Bank concerning the payment of taxes and the mortgage on the Chilton residence. Although plaintiff never received a direct request from the estate that she pay the rent and taxes, the estate did not make those payments. (Copies of these letters are attached to this opinion as an Appendix.)

In granting summary judgment to the defendants on counts II and III, the trial court found that plaintiff had accepted benefits under the will and therefore was estopped from contesting it.

■■ This doctrine of estoppel is longstanding in Illinois. In *Fishburn v. Green* (1920), 291 Ill. 350, 353, 126 N.E. 115, 116, the supreme court stated the following:

> "One who accepts a provision for his benefit under a will is precluded from attacking other lawful provisions of the same will. (*Elmore v. Carter*, 289 Ill. 560.) By accepting its benefits he admits the instrument to be the will of the testator, and he cannot both take under it and make a claim against its terms."

In *In re Estate of MacLeish* (1977), 46 Ill. App. 3d 957, 961, 361 N.E.2d 618, 620, a case similar to the one before us, the court discussed the doctrine of estoppel due to election under a will and stated the following:

> "This proposition has been reiterated many times and emanates from the case of *Wilbanks v. Wilbanks* (1856), 18 Ill. 17. The *Wilbanks* case also states, at page 21, that 'The party is entitled to a full knowledge of the circumstances, and of the situation and value of the estates or provisions made; and an election made in actual ignorance of material facts will not preclude the party from exercising the right anew upon obtaining full information.' "

In the present case, the trial court found that there was no genuine issue of material fact regarding the claim that the plaintiff was estopped from contesting the will due to her election to obtain benefits under it. This finding was based upon the conduct and statements

of the plaintiff with regard to the Chilton residence as well as the court's finding that "plaintiff at no time, during the more than two years since decedent's death, attempted to tender those benefits to the estate in the form of rental payments or yielding up of possession of the [Chilton residence]." The conduct and statements of the plaintiff which the trial court refers to are essentially those contained in the letters which appear in the Appendix of this opinion.

Defendants contend that plaintiff behaved as if the Chilton residence were her own property. We think this is a fair description. However, the defendants then claim that because of this behavior, plaintiff demonstrated an election to accept the benefit of the Chilton residence left to her under the will. We disagree.

The salient feature of this case is that plaintiff had lived in the Chilton residence for 20 years without making any payments at all. That plaintiff should have come to regard the Chilton residence as her home seems to us entirely reasonable under these circumstances. The letters she sent to the estate's attorney and the Elliott State Bank reveal only her concern that the status quo regarding her residence continue into the foreseeable future. The estate's failure to make mortgage or tax payments clearly threatened plaintiff's security, and her concerns were justified.

█ The doctrine of estoppel with which we are dealing in this case is, in most instances, eminently sound. Applying this doctrine to these facts, however, is unjust and unfair. Accordingly, we hold that estoppel does not apply where, as here, a person contesting a will (1) continues to live in a residence in which she had been living for several years, and (2) makes payments and expresses concern to ensure that she will be able to reside in that home for the foreseeable future. As defendants conceded during oral arguments, if we were to hold otherwise on these facts, plaintiff would be forced to move out of her home in order to bring an action contesting the will. We cannot accept that result.

█ By this holding, we are placing an affirmative duty upon executors of estates to take whatever steps they deem necessary in order to demonstrate that an occupant of a residence that passes to that occupant under a will, such as plaintiff in this case, has knowingly and intelligently elected to receive the benefits given to her under that will.

We should not be understood, however, as requiring or even condoning an action by an executor to evict such an occupant. An eviction action might be both unfair and contrary to the testator's intent. This case does not present us with the question of what action the ex-

ecutor should take; accordingly, we leave that question's resolution to another day.

█■ █ Plaintiff filed her motion for leave to add count IV on October 10, 1987. That count alleged a breach of contract by the decedent to make a will. The decedent's will was admitted to probate on January 13, 1987, thus the time for presenting claims on the estate expired July 13, 1987. (See Ill. Rev. Stat. 1985, ch. 110½, par. 8—1; Ill. Rev. Stat. 1985, ch. 110, par. 2—616(b).) On defendant's motion, the trial court dismissed count IV as not timely filed. Plaintiff appeals, contending that count IV relates back to the original three-count pleading which had been timely filed. We disagree and affirm the trial court's ruling.

This court discussed the relation-back doctrine in some detail in *Cunningham v. Hasbargen* (1983), 118 Ill. App. 3d 1019, 455 N.E.2d 839, and indicated that the principal inquiry concerns the degree of similarity between defendant's conduct as alleged in the original counts and defendant's conduct as alleged in the added counts. The policy underlying this doctrine, which provides an exception to an applicable statute of limitations, is to ensure fairness to the litigants rather than unduly to enhance the technical considerations of common law pleading. At the same time, courts must be mindful that one of the purposes of a statute of limitations is to provide defendants with sufficient opportunity to investigate factors upon which their liability may be based while relevant evidence is still ascertainable. (See *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64; *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 497 N.E.2d 790.) The following remarks of the supreme court in *Robinson v. First State Bank* (1983), 97 Ill. 2d 174, 185, 454 N.E.2d 288, 294, are particularly instructive in the context of this case:

"It seems obvious that the purpose of section 8—1 of the Probate Act of 1975 is to limit the time within which the validity of a will may be questioned and to create stability in the administration of estates. The appellate court cited *Pedersen v. Dempsey* (1950), 341 Ill. App. 141, wherein the court stated that the reasons for the time limit in filing a will contest [were] 'the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate.' 341 Ill. App. 141, 143.

Given the facts in this case, if we were to allow the plain-

tiffs to maintain their tort action, we would be giving them a second bite of the apple and defeating the purpose of the exclusivity of a will contest under Section 8—1."

We view these remarks as counseling against the liberal interpretation that might normally be applied to the application of the relation-back doctrine when a challenge to a probated will is at issue. With these decisions in mind, we analyze the facts in the present case.

Counts I, II, and III of the amended complaint, respectively, state causes of action for undue influence, undue influence by a fiduciary, and intentional interference with an expectancy. These counts generally allege the interference of plaintiff's relatives in the affairs of decedent and in the making of decedent's will. Each count has common paragraphs of factual allegations.

In contrast, count IV addresses a different set of factual allegations which have no common factual basis with the other counts outside of ownership of the property and the creation of the will itself. The facts alleged in count IV deal only with the decedent and the plaintiff. This count is based entirely on an alleged promise by decedent to plaintiff that, in return for plaintiff's release to decedent of certain inherited property, decedent in her will would leave plaintiff 50% of decedent's property.

This count is not an extension of the first three counts, nor have defendants been given in those first three counts the information necessary to prepare a defense to count IV. The information contained in counts I, II, and III involves only the relationships and transactions between the decedent and the defendants. In count IV the information necessary to prepare a defense concerns the relationship between the decedent and the plaintiff. The making of the will is the sole nexus common between all of these counts. Accordingly, the relation-back doctrine is not applicable.

The judgment of the circuit court dismissing count IV is affirmed. The order granting summary judgment to the defendants on counts II and III is reversed, and this case is remanded for further proceedings as to counts II and III.

Affirmed in part; reversed in part and remanded with directions.

LUND and SPITZ, JJ., concur.